Per Curiam.

We are all satisfied that words of attestation, over the signature of a witness to a note or other instrument, are not necessary, to give validity to such instrument, within the exception of the statute of limitations; and that it was rightly left to the jury, that if they believed the signature of the supposed" witness was placed on the note, with intent to attest to the subscription of the maker, it was attested within the meaning of the statute (1).

Judgment on the verdi +

 [By the statute, 1785, c. 52, § 5, promissory notes, attested by one or more witnesses, are exempted from the operation of this statute of limitations. If the words “ attested by one or more witnesses,” are to be understood in their ordinary legal sense, it should appear from the instrument itself, in writing, that the witness signed as a witness to the executing of the note by the promisor. As to deeds executed in pursuance of a power, it has been held, that if the power, or a consent to the execution of a power, be required to be executed under hand and seal attested by a witness (Wright vs. Wakeford, 17 Ves. 454. —4 Taunt. 213. —Sugd. Pow. Append. No. 6); or if a person having a power be required to exercise it, by any deed or writing under his hand and seal, to be by him duly executed, in the presence of, and to be attested by witnesses (Wright vs. Barlow, 3 M. & S. 512); and the attestation contains the words *242 u sealed and delivered ” only, without the word “ signed,” it is not a valid execution oí the power, although in the body of the deed executing the power, it is stated to be “ under hand and seal, attested by and duly executed in the presence of two credible persons, whose names are thereupon endorsed as witnesses hereto; ” and although the witnesses, after the death of the person, or one of the persons, executing the power, sign a memorandum on the deed certifying that it was signed as well as sealed in their presence. The act 54 Geo. 3, c J53, cured a defective attestation of signature ; but where a power was required to be executed by will, or any writing or appointment in the nature of a will, to be signed and published in the presence of, and attested by two or more credible witnesses, a will signed by the donor and attested thus, “ Witness, A. B. C. D.,” without any attestation of the publication, was held not to be a valid execution of the power, and not within the act. —Moodie vs. Reid, 1 Madd. Rip. 516. —7 Taunt. 355.—So, where the will concluded thus, “ This is my last will, made and signed on the, &c., in the presence of the witnesses.” —Stanhope vs. Keir, 2 Simon & S. 37.—Or if lands be limited to such uses as the donee shall direct, by deed or writing, under his hand and seal, attested by two or more credible witnesses, the power is not effectually executed by a will signed and sealed, but attested by the subscribing witnesses as being signed in their presence, without noticing the sealing ; nor can the defect be cured by calling one of the witnesses to prove that the will was actually sealed in their presence, as well as signed. —Doe dem. Hoskiss vs Pearcey 6 Taunt. 402. —2 Marsh. 102.—Ed.]