## GARRISON VS. OWENS.

1. LIMITATION — PLEADING. Where in an action upon a promissory note, the defendant pleaded *non-assumpsit within six years,* and the plaintiff failed to put in a sufficient replication to the plea, a judgment for the plaintiff will be erroneous.

2. SAME. Where to an action brought upon a promissory note, which became due more than six years before suit, the defendant pleads *non-assumpsit within six years,* and the plaintiff seeks to avoid the statute bar by showing the note was subscribed by an attesting witness, he must set out such fact specially in his replication to the plea.

3. SIGNATURE — PAROL EVIDENCE. It seems that where the name of a party appears upon an instrument in the usual and proper place for the signature of a party who is the maker or is to be bound thereby, and the name of another person appears upon it in the usual and proper place for the name of a subscribing witness, but without any attestation clause to show in what capacity he signed it, parol evidence is admissible to show that he signed it as a subscribing witness.

ERROR to the District Court for *Iowa* County.

The case is fully stated in the opinion of the court.

*F. J. Dunn,* for plaintiff in error.

*Parley Eaton*, for defendant in error.

IRWIN, J.  This case came up on error to the district court of Iowa county, on a judgment given at its September term for 1843, in favor of the plaintiff for the sum of $145.80.

The declaration was on an instrument in writing, of which the following was given as a copy:

" For value received, I promise to pay Simeon Owens five thousand three hundred and seventy-five lbs. of lead by the 1st day of August next, as witness my hand this 21st day of August, 1829.        WM. GARRISON."
" GEORGE BROWN."

And contains the usual counts, and to which the defendant interposed two pleas ; the first, the general issue, and the second, a plea of the statute of limitations of six years.   Upon the first the plaintiff took issue, and to the second replied inartificially and insufficiently.   Upon this state of the pleadings a jury was dispensed with, and the case submitted to the court upon the production of the instrument and the testimony of two witnesses, who proved the value of the lead at the time the instrument became due.

The period of limitation, as fixed by the statute in actions of this kind, is six years ; but to this there is an exception, as will be seen on page 261 of the statutes, section 19, and in these words: "None of the foregoing provisions shall apply to any action brought upon a promissory note which is signed in the presence of an attesting witness, provided the action be brought by the original payee or by his executor or administrator."   In this case the suit is brought by the original payee.

By the eighty-first section (page 250 of the statutes of this Territory) of " an act concerning depositions and testimony," it is provided, that " every written instrument purporting to have been signed or executed by any person, shall be proof that it was so signed or executed,

until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath· or affidavit." In this case no such denial was made, and for this reason the instrument must be regarded as having been executed· by the defendant; nor does the fact that a note is attested by an attesting witness at all alter the provisions of the law just recited, or make it incumbent on the plaintiff to prove the attestation of the witness, as that relates to the execution of the instrument.

The instrument declared on in this case has the name of one George Brown on its face, in the place where an attestation is usually made; but there is nothing beside the place to indicate for what purpose the name is there placed. The usual and proper mode of attestation is to give evidence of the intention of the parties to the instrument, to have it attested by writing the sign of that intention in some of the various forms or modes of doing that act, such as "in presence of   ;" "witness," etc., etc. Upon the face of the instrument in question there is no such evidence — nothing written to tell in what capacity George Brown's name appears. In such a case as that it must necessarily be left to the jury or the court (as it may be decided by the one or the other, according to the agreement of the parties), to determine whether it was there as an attesting witness or not, and the plaintiff may risk the conclusions of the mind as produced from the position of the name, or he may relieve the instrument from that doubt by introducing proof that it was there in attestation; and whether the name is· there in attestation or not is very important, for if it be there in attestation, then six years do not bar recovery; if it be not there in that character, then the statute, in the absence of counteracting facts, would bar it.

Whether the parties to this suit regarded the name of George Brown as that of an attesting witness or not, this court cannot· say. So far as the pleadings go, it is regarded as a nullity; but we presume that so important a

fact was not intended thus to be regarded, but has failed to be taken advantage of on the part of the plaintiff by a proper replication to the plea of limitation, which would have been to have replied, that the note was attested by an attesting witness.

In Massachusetts, the statute of limitations is like ours, and a decision under that statute of a case exactly in point is reported in 16 Mass. 290 ; another affecting this case on page 314, as well as one in 8 Pick. 146 ; 16 Mass. 290. In the case under consideration, the defendant's plea of the statute of limitations is not sufficiently replied to, and would not have been, even had there been no such exception as is made by the statute, and, being undenied, it would have been improper for the court to have given a judgment in favor of the plaintiff; but if the plaintiff, seeing that more than six years had elapsed from the making of the note (and the note, execution of which had not been denied, was the evidence of that), intended to have availed himself of the provisions of the law in favor of notes with an attesting witness, he should have replied that specially, as already intimated ; but he did not do so, and if he received, in the consideration of the court, any benefit from the law, he was not entitled to it, and it would have been error.

Under this state of the pleadings and the facts of the trial, as made known to us by the bill of exceptions, we are satisfied that the plaintiff could not properly recover, and that the court below erred in rendering for him a judgment, which is accordingly reversed. And believing that the special or second plea was not sufficiently replied to, it is ordered that this reversal be certified to the district court, that it may proceed, under the correction thus suggested, to the further trial of this cause.