## LAMON vs. FRENCH and another.

*Oral evidence of facts to explain acceptance of draft.—Contract construed.*

1. A draft drawn by F. on defendants in plaintiff's favor was accepted "payable when the lumber is run to market." *Held,* in an action upon it, that the parties were entitled to show the circumstances under which it was made, to explain the acceptance.

2. Plaintiff proved that the draft was given in payment for his labor on logs of F. from which lumber was to be made; and that F. sold all his interest in the logs to other parties before the action was commenced. *Held,* that defendants were then entitled to show an agreement between them and F. at the time of the acceptance, that the lumber from the logs should be delivered to them to be sold for F.

3: On proof of the fact last mentioned, the acceptance must be held to mean that the defendants would pay the draft when *they* had run said lumber to market.

APPEAL from the Circuit Court for *Eau Claire* County.

Action upon an acceptance by the defendants of a draft for $283.45, drawn upon them June 23, 1864, by one Fisk, in favor of the plaintiff. The complaint avers that Fisk was then indebted to plaintiff to the amount of said draft, for labor on certain logs and lumber in Fisk's possession; that defendants claimed to have a lien on the logs and lumber for supplies furnished Fisk; that plaintiff also had a lien upon them for the debt so due him from Fisk, which lien he relinquished, and also his demand against Fisk, in consideration of defendants' said acceptance, as well as their oral promise to the same effect; that defendants have received payment in full from Fisk for said acceptance, and charged the amount to him, and agreed to pay plaintiff said amount in consideration of Fisk's promise to pay them. The acceptance was in these words: "Accepted, payable when the lumber is run to mar-

ket." The answer puts in issue all the averments of the complaint, except the making of the acceptance, and alleges that the true intent and meaning of the acceptance, as agreed upon and understood between the parties, was that Fisk should deliver to defendants, to be run to market and sold for him, all the lumber he should manufacture during the season of 1864 (with an exception not important here), and that, upon such sale by defendants, the proceeds should be first applied to pay what Fisk then owed them (over $3,500), and that out of the residue, if any, in defendants' hands, said draft should be paid. The answer further avers that Fisk never delivered to defendants any of the lumber sawed by him during that season, but sold and delivered it to other parties; that defendants never received any of the lumber referred to in the acceptance, nor had any of it been sent to market by them; that they have never, since said acceptance, had in their hands any funds belonging to Fisk, nor have they ever been indebted to him in any sum whatever. On the trial, plaintiff put in evidence the draft and acceptance, with a receipt indorsed thereon, for five dollars paid by defendants to plaintiff on the day of such acceptance. Fisk, as a witness for plaintiff, testified: "I was lumbering in 1864; plaintiff worked for me then; I gave him the draft mentioned in the complaint for work done on the logs referred to in the acceptance." *Question* by plaintiff: "What sale, if any, did you make of your interest in the lumber?" Objection overruled. *Answer:* "I sold out my whole interest in 1865 to Stanley & Skinner. This included all the logs the plaintiff worked on, and that plaintiff and defendants had any thing to do with. I was to account to defendants for these logs after a sale of them. I sold them, and defendants never had any possession of them, or any of them, and never received any of the proceeds from them." On cross-examination of this witness, defendants offered "to ex-

plain the true intent and meaning of the words in the acceptance, 'payable when the lumber is run to market,' and show the terms and conditions upon which said acceptance was made,'' and the other facts alleged in the answer; but the evidence was rejected. They then offered to prove that they ''never received any benefit from the sale made by Fisk of his interest in said logs, or consented thereto, or received any of the proceeds thereof, and that they never had any funds or property of said Fisk, or received any benefit from him or the plaintiff which made them liable upon said acceptance;'' but the offer was rejected. By direction of the court the jury found for the plaintiff; a new trial was denied; and, from a judgment on the verdict, defendants appealed.

*A. Meggett*, for appellants, to the point that the acceptance was *conditional*, cited 1 Parsons on Notes and Bills, 301, 302, 304, and cases there cited; Edwards on Bills, 419, 429. To the point that the evidence offered to sustain the averments of the answer as to the meaning of the conditional acceptance should have been received, he cited 1 Parsons on Notes and Bills, 301, 514, 517, 525; 2 Parsons on Con. 70–78; *Swan v. Cox*, 4 Eng. C. L. 334; *Cole v. Clark*, 4 Chand. 29; *Schmitz v. Schmitz*, 19 Wis. 210; *Ganson v. Madigan*, 15 id. 154; *Read v. Wilkinson*, 2 Wash. C. C. 514 (516, 517); *Gammon v. Schmoll*, 5 Taunt. 344; *Atkinson v. Manks*, 1 Cow. 691 (708); *Newhall v. Clark*, 3 Cush. 376 (379).

*E. B. Bundy* and *Cousins & Bartlett*, for respondent, contended that the acceptance was absolute, the *time* of payment only being uncertain, and that payment became due when the lumber was sold by Fisk. To the point that the evidence offered by defendant was not admissible, the language of the acceptance being plain, they cited *Ranney v. Higby*, 5 Wis. 62; *Mowry v. Wood*, 12 id. 413; *Martineau v. Steel*, 14 id. 272; *Bradley v. Anderson*, 5 Vt. 152; *Farnham v. Ingham*, id. 514; 5 Denio, 516; 1 Hill, 116; Edwards on Bills, etc., 425, 426.

PAINE, J. The acceptance on which this action was brought was conditional; and it is clearly one of that class of cases in which the court must be put in possession of the circumstances and situation of the parties, in order to know what it meant, and what the condition was. The bill was accepted, "payable when the lumber is run to market." What lumber? Run to market by whom, and for whom? These are questions upon which the instrument throws no light, and they can be solved only by learning the real situation of the parties, and then interpreting their language with reference to it.

This was assumed by the plaintiff, for he offered evidence to show to what lumber the acceptance referred, and also to show a compliance with the condition. Fisk was in the lumbering business, and the plaintiff worked for him on the logs out of which the lumber was to be manufactured. To pay the plaintiff, he drew this draft on the defendants. And then to show that the condition of acceptance had been complied with, Fisk testified that he had sold out all his interest in the logs and lumbering to Stanley & Skinner, before the action was commenced. On this meager and imperfect showing, the court seemed to assume absolutely that the condition had been complied with, and excluded all evidence on the other side to show fully the real transaction between the parties.

The defendants offered to show the facts set up in their answer: that there was an agreement between them and Fisk, that the lumber manufactured from these logs should be delivered to them, to be sold by them for him. On proof of this fact, the meaning of the acceptance becomes perfectly clear. They promised to pay when they had run to market the lumber against which the draft was drawn, and on the faith of the possession and sale of which the acceptance was made. To construe such an acceptance, by parties so situated, to mean that

they would pay whenever the drawer of the draft should sell out his interest to other parties and pocket the pro-ceeds, in violation of his agreement with the acceptors, would be a strange perversion of its obvious intention. The court excluded all this evidence, and held, that, because Fisk had sold out to other parties, the lumber had therefore been "run to market," within the meaning of the acceptance. This was error, and the judgment must be reversed, and a new trial had.

*By the Court.* — Ordered accordingly.