## CORK vs. BACON.

BANK CHECK: LACHES: EVIDENCE. *(1) When false description of drawee does not invalidate check, nor excuse delay in presenting it. (2) Evidence of payee's or holder's knowledge of drawee.*

1. B., a resident of the village of Waukesha, having, through the whole time here in question, funds subject to his check in the hands of O. M. T., a private banker in said village, erased from a blank check upon the First National Bank of Milwaukee, the words "First National," and wrote over them the name of O. M. T., neglecting to erase the words "Bank of Milwaukee;" and dated and signed the check, inserting the sum to be paid and the name of W. as payee, and delivered it to W., who was a resident of said village and knew O. M. T. W. soon after sold the check to the plaintiff, a resident of the same village, who had

Cork vs. Bacon.

done business there for six years, had a store within a few rods of O. M. T.'s bank, and had sometimes transacted banking business at the same. Nine days after the date of the check, and about a week after plaintiff became the holder, O. M. T. suspended payment, and the check, which had not previously been presented to him, though afterwards presented by the payee, was never paid. In an action by the holder against the drawer, where the former claimed that the check was false and fictitious because there was no such bank as that named therein, while defendant claimed that the nonpayment was caused by plaintiff's negligence: *Held*,

(1) That the drawee of the check should probably be regarded as sufficiently certain *from the face of the instrument itself*, and the un-erased words "Bank of Milwaukee" as coming within the principle, *falsa demonstratio non nocet*.

(2) That if that be doubtful, the above facts show that both W. and plaintiff had full knowledge of who the drawee was, and of his place of business, in time to have obtained payment of the check on pre-sentation to him, and both were guilty of *laches* sufficient to defeat the action.

2. Questions put to W. on his direct examination by defendant, inquiring whether he knew O. M. T.'s bank and place of business when he took the check; whether he had previously received from defendant any similar check, payable at the same bank; whether O. M. T. ever paid to him money on any such check; whether he informed plaintiff, when he passed to him the check in suit, whom and what bank it was drawn upon; and whether he (witness) knew, when he took said check, where it was payable — were improperly ruled out.

APPEAL from the Circuit Court for *Waukesha* County.

The case is thus stated by Mr. Justice Orton:

" This action was brought before a justice of the peace, by the bearer or holder, and against the drawer, of the following check:

" ' $35.00. Milwaukee, Sept. 9th, 1875.

" ' O. M. Tyler, Bank of Milwaukee. Pay to ———— Willets or bearer thirty-five dollars. W. D. Bacon.'

" The complaint was informal, by filing the check, and alleging, in effect, that the plaintiff was the owner and holder for value; that there is no such bank, and, at the time the check was given, there was no such bank in existence, as O. M. Tyler, Bank of Milwaukee; and that defendant, as the drawer, has refused payment. The answer of the defendant, after a general denial, sets up, in effect, that O. M. Tyler was

Vol. XLV. — 13

a private banker, and doing business as such in the village of Waukesha; that at the time the check was given, and for nine days thereafter, and after the plaintiff became the holder thereof, defendant had funds more than sufficient to meet and pay said check, and all other checks drawn by him, in the hands of said Tyler; that plaintiff was guilty of negligence and *laches* in not presenting said check to said Tyler, until, on the 18th of September, 1875, he, the said Tyler, became insolvent and a bankrupt; and that the plaintiff had not given defendant any notice of nonpayment, etc.

"The plaintiff testified, substantially, that he had made inquiry if there was such a bank as the check purported to be drawn upon, and that he found no such bank as O. M. Tyler, Bank of Milwaukee; that he purchased the check about a week before the failure of O. M. Tyler; that he had sometimes bought drafts of O. M. Tyler's bank in Waukesha; had done business there probably six or seven years; had made deposits with O. M. Tyler, when he first commenced business at the same place; that his store is nearly opposite, seven or eight rods from O. M. Tyler's door; that O. M. Tyler did business there about a week after he purchased the check; and that he never presented the check to O. M. Tyler for payment. The payee of the check, James F. Willet, called as a witness by the defendant, testified that when the check was given he resided in Waukesha, and knew both the plaintiff and O. M. Tyler; and the following questions were propounded to him by the counsel of the defendant, to which objection was made by the plaintiff's counsel, and sustained by the circuit court: 'Did you know O. M. Tyler's bank and place of business when you took the check?' 'Had you before this received from the defendant any check similar to this, payable at O. M. Tyler & Co.'s bank?' 'Did O. M. Tyler ever pay to you the money on any check drawn like this by *Mr. Bacon?*' 'Did you know, when you received this check, where O. M. Tyler's place of business and bank was?' 'Have you had, within the past year, any business with O. M. Tyler at his bank in Waukesha?' 'Did you inform the plaintiff, when you passed this check,

whom and what bank it was drawn upon?' This witness, after testifying that he had presented the check to the defendant, just after O. M. Tyler failed, and that before that he had made no effort to collect it from any one, was asked: 'Did you know, when you took that check, where it was payable?' and he answered, 'Yes, sir;' and on motion the circuit court struck out this answer.

"The defendant was sworn as a witness, and asked: 'Where did O. M. Tyler reside, at the time you delivered the check?' 'Did you have funds in the hands of O. M. Tyler, here in Waukesha, subject to the payment of your checks and sufficient to pay this check, from the time you drew the check until the time he failed?' and these questions were also ruled improper."

There was a verdict for the plaintiff; a new trial was denied; and defendant appealed from a judgment on the verdict.

The cause was submitted for the appellant on the brief of *J. V. V. Platto* and *Vernon Tichenor*.

*Edwin Hurlbut*, for the respondent.

ORTON, J. The grounds relied upon in his brief, by the counsel of the appellant, for the reversal of this judgment, are: 1st. That the burden of proof was upon the respondent to show that no funds were in the hands of the drawee, or the bank upon which the check was drawn, for its payment, and that he offered no such proof. 2d. That the respondent was guilty of negligence and laches in not presenting the check to the drawee before he had failed and become a bankrupt.

The sole ground relied upon by the counsel of the respondent to sustain the judgment is, that the check was fictitious or fraudulent, because drawn upon a bank which had no existence; and that therefore there was a present and continuing liability of the drawer to pay the money to the holder.

If the drawee of the check is sufficiently designated upon the check itself, or the holder knew, in proper time, upon whom or what bank the check was drawn, then the above positions assumed by the learned counsel for the appellant are unques-

tionably correct; for the bill of exceptions contains no such evidence, but most directly to the contrary.

The only questions really to be considered are those raised by the learned counsel for the respondent in support of the judgment, and which are only casually noticed by the counsel of the appellant. 1st. Does the check itself sufficiently desig-nate the person or bank upon which it was drawn? 2d. If not, was it shown in the evidence given, or proposed to be shown in the evidence offered and ruled out, that the respond-ent knew, in proper time, upon what person or bank the check was drawn?

By the reference to the check in the bill of exceptions, it appears that the check was a blank check of the "First Na-tional Bank of Milwaukee." The words "First National" were sought to be erased by parallel pencil lines, and the name of O. M. Tyler was written in pencil over them. The printed words "Bank of Milwaukee" are not erased. We think it can be ascertained with considerable certainty from an inspec-tion of the check itself, that it was intended to be drawn upon O. M. Tyler personally. His name is *certain* and unmistaka-ble, while the additional words "Bank of Milwaukee" are in-congruous, ambiguous and meaningless as indicating or qual-ifying the person of the drawee, or as indicating the place where payment was to be made; and there is an apparent omission to erase them, through carelessness and not design; and, though a false description, it ought not to have deceived the payee, and could have been easily corrected if it had been of sufficient consequence to have attracted his attention. That part of the address so left unerased may be rejected, within the principle of the maxim, *falsa demonstratio non nocet*.

But if there is any doubt about the correctness of this view of the case, we think there was abundant evidence that both the original payee and the holder of the check had full knowl-edge who the drawee actually was, and of his place of business in Waukesha, in proper time to have obtained payment of the check upon presentation to O. M. Tyler, the drawee, and that both of them were guilty of negligence and laches in not so

Cork vs. Bacon.

presenting it; that they held it at their own risk, and if, by the bankruptcy of the drawee, they have lost, it is by their own fault. Not only was the evidence allowed to be given competent and sufficient to prove these facts, but also the evidence sought to be elicited by the questions ruled out by the court was unquestionably proper and competent in the case; and we think the circuit court erred in rejecting this evidence. It is unquestionably the general rule, that the drawee of a bill or check, whether an individual, copartnership or corporation, should be sufficiently expressed and designated upon it. Story's Bills of Ex., § 58. But the reason of the rule is only to enable the payee or holder to know upon whom he is to call for acceptance or payment; and it has been held that when the name of the drawee was not inserted in the bill at all, but only the place where the payment was to be made, and where a person certain resided and did business, and only such person, the bill was sufficiently certain in that respect. *Gray v. Milner*, 8 Taunt., 739. In case of uncertainty as to the real drawee attempted to be expressed or designated, or any ambiguity in the address of the check, then, as in all cases of written contracts and their construction, extrinsic evidence is admissible as to the subject matter and the parties, to make both certain and show who and what was intended. 2 Parsons on Con., § 550; *McCullough v. Wainright*, 14 Pa. St., 171; *Jackson v. Sill*, 11 Johns., 201. In this last case the court says: "You must always look beyond the instrument itself to some extent, in order to ascertain who is meant. For instance, you must look to names and places."

The situation of the parties and the nature of the subject matter of the contract may always be shown by parol, in construing it. In *Lemon v. French*, 25 Wis., 37, parol evidence was allowed to make certain *the time when* an acceptance of a draft was payable; and in *Garrison v. Owens*, 1 Pin., 471, parol evidence was allowed to show in what capacity or character, as a party or witness, a person signed a contract.

We think the motion for a new trial in this case, made by the counsel of the appellant, should have been granted.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded for a new trial therein.

RYAN, C. J., took no part.