BADGETT v. FRICK & CO.

1. The warranty of an engine was upon condition that the buyer would give notice of defects by registered letter to the seller. Notice was given, but not by registered letter. *Held*, that the notice having been received, the condition was substantially fulfilled.
2. If property be seized by the mortgagee under a chattel mortgage when nothing is due, the mortgagor is entitled to bring his action in equity to restrain the sale and to cancel the note and mortgage.

Before NORTON, J., Laurens, September, 1887.

The opinion fully states the case.

*Messrs. Johnson & Richey*, for appellants.

*Messrs. Holmes & Simpson*, contra.

March 5, 1888. The opinion of the court was delivered by
MR. JUSTICE McGOWAN. It seems that in September, 1884,

the defendants, Frick & Company, of Waynesboro, Pa., through their agent, George Speake, sold to the plaintiff, Susan Badgett, through her agent, Thomas L. Badgett, a steam engine of their make, and known as an "Eclipse engine." The price agreed upon was $750—the sum of $250 on October 20, 1884; a like sum October 1, 1885, and the last instalment October 1, 1886. These notes were secured by a mortgage of the engine and other personal property. The engine was "second-hand," but there was a warranty "that it is manufactured of good material and good workmanship, and that by proper management it would perform well—conditioned that upon starting the engine the purchasers shall intelligently follow the printed hints, rules, and direction of the manufacturers, and if by so doing they are unable to make it operate well, written notice, stating wherein it fails to satisfy the warranty, is to be given by the purchasers to the dealer through whom purchased, and to Frick & Company, Waynesboro, Pa., by registered letter, and reasonable time allowed to get to it and remedy the defect, unless it be of such a nature that they can advise by letter. If they are not able to make it work well (the purchaser rendering necessary and friendly assistance) and the fault is in the engine, it is to be taken back and the payments refunded, or the defective part remedied and made the same as in their other engines," &c., &c.

The plaintiff, a few days after the purchase, made the first payment to Speake, the agent, and the second (making $500) to one Byland, agent, Speake having died. At that time the agent was informed that the engine was worn out, did not and could not be made to perform well, and that the third note would not be paid. Notice had also been given in writing to the former agent, Speake, who had been sent for several times to make the engine perform well, but he was unable to do so. The defendant company was also written to upon the subject, but notice was never given to them "by registered letter."

When the last note fell due, the plaintiff refused to pay it upon the ground of breach of warranty and failure of consideration, and demand was made of the defendant company that they either rescind the contract and return the amount paid, or that the note be given up to the plaintiff; but they would do neither, and

through their agent, the defendant Ballew, took possession of the engine under the mortgage and advertised it for sale. This action, in the nature of a bill in equity, was then instituted by the plaintiff to enjoin the sale of the engine and to have the note outstanding given up and cancelled, or the contract of sale rescinded, upon the grounds stated.

The cause came on for trial before Judge Norton, who submitted to a jury the issues: 1. "Has there been a breach of warranty and failure of consideration? 2. If so, how much has the plaintiff been damaged?" After much testimony the jury answered to the first issue "yes," and to the second, "four hundred dollars." Whereupon the Circuit Judge rendered a decree, concurring with the findings of the jury on the issues, and ordering as follows: "That the note for $250, still outstanding in the possession of Frick & Company, or their agent, and the chattel mortgage set out in the complaint, given by the plaintiff to Frick & Company to secure the notes, &c., be given up by the defendants to the clerk of this court to be cancelled, and the clerk cancel and mark satisfied the said note and mortgage, and the defendants, Frick & Company, pay the costs of this proceeding, and that the said engine be delivered to the plaintiff."

From this decree the defendants, Frick & Company, appeal to this court upon the following grounds: 1. Because his honor erred in holding that under the contract or order for the sale and purchase of the engine, notice of the failure of the engine to perform as represented, and of the breach of the warranty of sale to the agent of Frick & Company, was sufficient. II. Because the court had no jurisdiction. III. Because the complaint does not state facts sufficient to constitute a cause of action.

The jury found, and the Circuit Judge adopted the finding, that as matter of fact the warranty was broken and there was failure of consideration; and according to the practice well established, this court in such case will rarely disturb the finding. Besides, upon this point there is no allegation of error. But, assuming the breach of warranty and failure of consideration to the full extent of the outstanding note, the defendant company insist that they should not be charged with the consequences, for the reason that the plaintiff also failed to perform her stipu-

lations in this, that she did not give them proper notice as required of the failure of the engine to work satisfactorily.   Not that they had no notice, for the proof shows that the plaintiff gave written notice to "the dealer (Speake) through whom she purchased," and also wrote to the defendant company upon the subject; but the point is, that she did not give the notice literally and technically as required "by registered letter."   The proof was that the agent of the company knew all about the history and qualities of the engine.   He had abundant notice that it was not doing well; several invitations to come and remedy the defects, which he was not able to do ; and finally advised the plaintiff to send the engine to Atlanta for repairs.   We concur with the Circuit Judge that the thing stipulated for was substantially notice, and in order to leave no doubt, "written notice." As it seems to us, however, the particular manner indicated for giving the notice, viz., "by registered letter," cannot properly be considered as indispensable—as "of the essence" of the contract, but was in it its character directory.   We do not see that any injury resulted from the manner in which the notice was given.   2 *Story Eq.*, 776.

Then as to the jurisdiction.   This is a proceeding on the equity side of the court, seeking equitable relief, and it is urged that, there being plain and adequate remedy on the law side, equity has no jurisdiction, and therefore the complaint should be dismissed.   There is no doubt that law and equity are still kept distinct and separate.   But it is somewhat difficult to realize that the code of procedure, requiring both legal and equitable rights to be presented under the same form, in the same tribunal, and before the same judge, should not have some influence in removing the sharp demarcation which formerly existed between the two jurisdictions.   But assuming that the code has made no change in this respect, is it quite clear that the plaintiff had plain and adequate remedy at law?   The defendant company had a note and mortgage of Mrs. Badgett, and they could sue on the note or go into equity to foreclose the mortgage, and in either case she might have made her defence.   They were not, however, obliged to do either.   They had a chattel mortgage and, after condition broken, they had the right to seize and sell the pro-

perty in payment of the note, without invoking either jurisdiction. Mrs. Badgett claimed that there was nothing due on the note, and how could she raise that question ? From the nature of the proceeding she had no means of setting up a legal defence; and did not that alone give her the right to go into equity to enjoin the sale, and, as incidental thereto, to have the question judicially determined, whether or not anything was due on the note ?

It seems to us that the case is analogous to that of *Mayrant* v. *Dickerson*, *Rich. Eq. Cas.*, 201, where the mortgagee was proceeding to sell the chattels mortgaged, and the mortgagor instituted a proceeding to enjoin the sale, on the ground that there was nothing legally due on the note when the usurious interest which had been charged was deducted. In that case the bill was sustained, and in delivering the judgment of the court, Judge O'Neall said : "In the case before us, the party defendant, by his own act, the sale of the slaves under the mortgage, is about to enforce payment of his debt. To prevent this, the party has no legal remedy ; and if his allegation of usury in the transaction be true, and he has paid the principal and legal interest, it is plain that he is entitled to relief. The want of a legal remedy is a ground for the interposition of this court (Equity) to prevent the sale. Having jurisdiction of that part of the case, it follows that the question, whether the bond is founded on an usurious consideration, and the question of the usury, must be either tried by the court, or by an issue at law, to be ordered by it. If by either of these modes it should appear that there was usury, and that by excluding it the bond was paid or overpaid, the result in either case must be the same. The bond and the mortgage will be decreed to be cancelled," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.