AULTMAN & TAYLOR CO. v. GUNDERSON *et al.*

1.  Where a promissory note is signed by one at the lower right-hand cor-
    ner, where a maker usually signs, and by another at the lower left-hand
    corner, where a witness usually signs, but without words of attestation,
    parol evidence is admissible to show that the latter signed as a witness,
    and not as a maker.

2.  A plaintiff will not be allowed to try the question of defendant's liability
    in the court below upon one definite theory, as alleged in his complaint,
    and in this court, on appeal, upon an entirely new and different theory,
    not indicated in his complaint.

3.  A motion for a new trial on the ground of "errors in law occurring at
    the trial" involves only the correctness or incorrectness of the court's
    rulings, and its decision thereon will be reviewed in this court as a
    question of law only, and not as one involving the discretion of the
    court.

4.  Where a warranty upon the sale of an engine provides that, in case of
    its failure to work well, "written notice stating wherein it fails to sat-
    isfy the warranty is to be given by the purchasers to the Aultman &
    Taylor Company, at Mansfield, Ohio, by registered letter, within ten
    days after the delivery of the machine to the purchasers," verbal no-
    tice to the local agent of whom the machine was bought is insufficient
    to meet the requirements of the warranty.

5.  In such case it is not error to refuse the evidence of the local agent that
    he afterwards notified the company "by letter or otherwise," without

showing when or how, or that such notice was ever received by the company, or any agent authorized to receive it.

6. The fact that one or more experts of the company were in that neighborhood upon other business, and examined the machine in question, not being there for that purpose, and no general authority on their part being shown, did not take the place of or render unnecessary the notice to the company.

7. Where a defendant alleges in his answer that S. signed as a witness to his signature, there was no error, as to such defendant, in excluding evidence that he signed after the execution and delivery of the notes, for he could not at the same time assert that a fact existed and prove that it did not.

(Syllabus by the court.    Opinion filed Nov. 19, 1894.)

Appeal from circuit court, Minnehaha county, HON. FRANK R. AIKENS, Judge.

Action on promissory notes.    The court directed a verdict for plaintiff.    From an order granting a new trial plaintiff appeals.    Modified.

The facts are stated in the opinion.

*Bailey* and *Voorhees*, for appellant.

Parol evidence is not admissible to vary the terms of a written contract.    Comp. Laws sec. 3545; 1 Green Ev. 275. Under our statute oral evidence is competent to show that an apparent principal is a surety.    Comp. Laws sec. 4298; Harrison v. Courtauld, 3 B. & Ad. 36; Ferdinand v. Pocock, 5 Taunt. 192.    Where a party signs a promissory note in his own name, parol evidence is not admissible to show he signed simply as the agent of another.    1 Green. Ev. 320; Andrews v. Estes, 11 Me. 270; Hancock v. Fairfield, 30 Me. 299; Stawson v. Loring, 5 Allen 342; Draper v. Massachusetts, 5 Id. 338; Barlow v. Congregation, 8 Id. 460; Tucker v. Fairbanks, 98 Mass. 104.    Parol evidence is not admissible to show that a promissory note was intended as a receipt.    City Bank v. Adams, 45 Me. 455; Billings v. Billings, 10 Cush. 178.

*Davis*, *Lyon* and *Gates*, for respondents.

Oral evidence is competent to show that a party signing a promissory note did so simply as a witness and not as a party.

Gibbe v. Reynolds, 35 Minn. 331; Leitendorfer v. Delphy, 15 Mo. 161. As between the immediate parties the interpretation of a note or bill ought to be such as will carry their intention into effect and such may be shown by parol. Good v. Martin, 95 U. S. 90; Chaddock v. Van Ness, 35 N. J. L. 571; Keidan v. Winegar, 20 L. R. A. 705. Words added after the signature of a maker indicate in what capacity the party executes the paper and if acting as an agent and within the scope of his authority, he is not individually liable. Martin v. Smith, 65 Miss. 1; Rowell v. Oleson, 32 Minn. 288; Bean v. Pioneer, 56 Cal. 451; 1 Am. & E. Enc. of Law 390; Sonhegan v. Boardman, 46 Minn. 293; Rendell v. Harrunan, 75 Me. 477; Metcalf v. Williams, 104 U. S. 93; Meche Agency, 443.

The use of the property and a failure to give the notice required by the written warranty only destroyed the buyers right to rescind the contract and did not estop him from setting up a breach of the warranty in an action to recover therefor. Minnesota v. Hansen, 54 N. W. 311; Aulbman v. Theiver, 34 Ia. 272; Kent v. Freedman, 101 N. Y. 616; Worden v. Fisher, 48 Wis. 338; Boylie's C. Pl. 261; Van Brunt v. Day, 81 N. Y. 251, Worden v. Robertson, 39 N. W. 905; Sandwich v. Trindle, 33 N. W. 29; Altman v. Froudt, 42 N. W. 1024.

KELLAM, J. This is an appeal from an order of the circuit court for Minnehaha county granting a new trial to the respondents, who were defendants below. As to the respondent Thompson, it is agreed by both sides that the case must turn upon one pivotal point. The action was upon four promissory notes. The complaint alleged that they were made by Gunderson as principal, and Thompson and Smith as sureties, and demanded judgment for the amount claimed to be due thereon. Smith was not served. Gunderson and Thompson answered separately. Each denied that Thompson signed the notes as maker, but alleged that he signed the same simply as a witness to the signature of Gunderson. The notes, except as to amount and time, were alike, and as follows:

"$50.00.    No. 55,709.    Dated at Sioux Falls, S. Dak., on Aug. 3, 1891.    On or before the first day of September, 1891, for value received, we or either of us, of Baltic Post Office, county of Minnehaha, state of South Dakota, promise to pay to the Aultman & Taylor Company, or order, fifty dollars.    Payable and negotiable at the office of the Dakota National Bank, Sioux Falls, S. D., with interest at ten per cent, payable annually from date until paid; provided, if paid at maturity, interest shall be 7 per cent.    The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and non payment of this note.

"K. Thompson.               .        John J. Gunderson.
"H. M. Smith."

Upon the trial these notes were offered in evidence by plaintiff.    Defendants objected upon the ground, *inter alia,* that they did not purport to be signed by Thompson as a maker, and did not tend to prove any liability against him. The notes were admitted in evidence.    Subsequently the court allowed Thompson to testify, against plaintiff's objection, that he signed as a witness, and not as maker.    At the close of the evidence the court reversed its ruling in this respect, and directed judgment for plaintiff against both defendants.    Upon these facts it seems clear that, if the position of Thompson's name at the lower left-hand corner of the note carried with it a presumption that he signed as a witness only, the ruling of the trial court was wrong, and the granting of a new trial must be sustained.    In Camden v. McKoy, 3 Scam, 437, this was not the very question upon which the case turned, but the court, in illustration, plainly expressed its view of the same, as follows: "For instance, a signature at the bottom of a note on the right hand side of the paper is *prima facie* evidence that it was affixed there in the character of maker, whilst the same signature at the left hand side of the paper would furnish equally satisfactory evidence that it was placed there only as a witness to the instrument."    In Garrison v. Owens, 1 Pin. 471, the note in

suit was signed, as this was, by one party on the lower right-hand corner, where a maker usually signs, and by another party on the lower left-hand corner, where a witness usually signs. The court held evidence was admissible to show that the one so signing at the left hand corner signed as a subscribing witness. In Steininger v. Hoch's Ex'r, 39 Pa. St. 263, "where one executed a single bill, and opposite his name on the left, in the place for the subscribing witness, the name of another was written, who was sought to be held as a copromisor because the word 'witness' did not appear, it was held that the signature of the defendant [the one signing at the left] was not *prima facie* evidence that it was his promise, to go to the jury on proof of execution merely, and that it was in error to so instruct the jury." In its opinion the court attached some importance to the fact that the bill in form was single, and did not seem to contemplate more than one maker. In the case in hand the promise was by "we, or either of us," thus indicating that more than one maker was contemplated. We think, however, the effect of this fact is somewhat qualified by the further fact that in the making of these notes printed blanks were used, and that these words were printed, and so not the immediate act of the parties. If these words had been written by one of the parties at the time, as in the case last cited, they would have been more strongly suggestive that it was contemplated that the note should be signed by more than one maker.

These cases seem to go upon the theory that it has become an established and well-known custom for makers to sign in one place, and witnesses in another. The Illinois court, in the case *supra*, said: "If custom has ripened into the form of legal presumption, in these respects, it would seem to follow that a departure from this custom would negative such presumption"; that is, one signing where a witness usually signs will be presumed to have signed as a witness, rather than as a maker. At all events, these cases, which are all we have found upon this direct question, at least teach the doctrine that parol testimony

is admissible to show that one signing where a witness generally signs, but without any words of attestation, did sign as a witness, and not as a maker.   We think this evidence was admissible generally, and that there was so admission in Thompson's answer which precluded him from making such proof. He admitted signing the notes, but expressly averred that he signed as a witness to Gunderson's signature, and not as a maker.   In excluding such evidence we think the trial court was in error.   It is claimed, however, by appellant, that enough was shown by the evidence on the trial to charge Thompson as a guarantor of these notes under his contract of agency with appellant, but no such question was tried in the the court below.   There was no claim nor suggestion of his liability other than as the maker of the note.   That was the issue presented by the pleadings.   It was the only claim he was called upon to defend against, and the only question litigated was whether or not he was liable as a maker of the notes.   The very verdict which the court directed, the vacation of which is appellant's alleged grievance on this appeal, was so directed on the specific ground, as stated by him in his motion, "that the defendants have proven no defense to the notes set up in the complaint."   There can be no doubt that that was the case, and the theory of the case tried below.   It is frequently said that a party cannot try a case on one theory in the trial court and upon another on appeal, for that would be to submit to the appellate court for review questions which were not presented to or passed upon in the trial court.   Brooks v. Yocum, 42 Mo. App. 516;  Agricultural Works v. Hooks (Iowa) 49 N. W. 61;  Brumfield v. Manufacturing Co. (Com. Pl. N. Y.) 23 N. Y. Supp. 1025.   From these views it follows that, in our opinion, the trial court was justified in granting a new trial as to respondent Thompson.

We now pass to Gunderson and his defense, to ascertain if there was error there justifying the granting of a new trial as to him.   The motion for a new trial was made upon the ground

of "errors in law occurring at the trial, and excepted to by defendants." A motion upon such ground is not addressed to the discretion of the court, but involves only the correctness or incorrectness of the court's rulings upon which error is assigned, and the decision of the trial court will be reviewed here as presenting questions of law only, and not of discretion. Sandmeyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353; O'Brien v. Brady. 23 Cal. 243; Cochran v. O'Keefe, 34 Cal. 554; Hinkle v. Railroad Co., 55 Cal. 627. It becomes the duty of this court, therefore, to affirm or reverse the order appealed from, granting a new trial to defendant Gunderson, according as we find or fail to find error in the trial as to him. If error intervened, the court was right in granting him a new trial. If it did not, then the court was wrong in granting it. In his separate answer he set up a breach of the warranty contained in the contract of sale of the engine for which the notes were given. The terms of this warranty required the purchaser to "intelligently follow the printed hints, rules and directions of the manufacturers, and if, by so doing, they are unable to make it operate well, written notice, stating wherein it fails to satisfy the warranty is to be given by the purchasers to the Aultman & Taylor Company, at Mansfield, Ohio, by registered letter, within ten days after the delivery of the machine to the purchasers, and reasonable time allowed to get to it and remedy the defect, unless it be of such a nature that they can advise by letter." Some notice to the appellant company which would be a substantial compliance with this requirement was essential before Gunderson could avail himself of defects as a breach of the warranty, or a waiver of such notice must have been shown. The first alleged error relied upon by respondents to justify the granting of a new trial to Gunderson was the refusal of the court to allow him to show that within the required time he notified the local agent, of whom he bought the machine, of the defects. This alone was plainly insufficient to meet the requirements of the warranty. It was not in substance or effect

what the parties had agreed upon.　The obvious purpose of the requirement that notice should be sent by registered letter was to make the fact of sending or not sending susceptible of easy and definite proof, and probably to render more certain its receipt by the appellant company at their head office.　Every practicing lawyer knows that in all sorts of cases where notice is required to be given and proved the question whether or not it was given is a fruitful source of dispute.　To foreclose contention on this point, the parties definitely stipulated how and and to whom this notice should be given.　It should be written, and thus obviate dispute as to just what ground is covered; it should be registered, thus furnishing very satisfactory evidence of the fact and time of its mailing; and it should be sent direct to the home office, thus fixing the want of authority of the local agent to receive such notice.　It was a condition the parties had an undoubted right to agree to, and verbal notice to the local agent was not a substantial compliance therewith.　Cornell v. Insurance Co., 18 Wis. 387.　The South Carolina case of Badgett v. Frick, 5 S. E. 355, cited by respondent, is not sufficiently like this case to control it.　There the condition was that in case of failure written notice should be given to the local agent, and also to the company by "registered letter." Written notice was given to the agent, and it was also sent to the company, but not by "registered letter."　The court held the notice sufficient; but here the warranty itself informed Gunderson that the local agent was not authorized to receive the notice, nor was it offered to be shown that notice of any kind was sent to the company within the time, or substantially within the time, stipulated.　When it was sent is left to conjecture.　In our judgment there was no error in excluding this evidence.

It is also claimed as error that the court refused the evidence of the local agent that he afterwards notified the company, "by letter or otherwise," of the condition of the engine. If this evidence had been supplemented with a showing that

the company received such notice, and acted upon it, or made no objection to the method of its conveyance, it would not have been important that it was not transmitted by registered letter; but with nothing to show that the notice thus sent in a manner not authorized by the contract was ever received, or even that it was sent within the time limited in the contract, or that it was in any manner waived, there was no error in rejecting the evidence. It is contended by respondents, however, that as appellant's experts were soon after in the neighborhood, and examined this engine, both parties should be treated as though notice was properly given to the appellant company, and their experts had been sent in response thereto. It is affirmatively shown that the notice had not been sent when these experts came, and so that they did not come in reply thereto. The parties had stipulated that in case of the failure of the engine to work satisfactorily notice should be sent to appellant's headquarters, at Mansfield, Ohio, particularly stating wherein it failed. This may have been for the very purpose of enabling the company to determine whom they would send as an expert to correct the particular defect reported. The machine purchased was a steam engine, and it would seem probable that the nature of the defect in the machine would have something to do with determining the skill and experience required to understand the cause of such defect and correct it. At all events, they had contracted for this information as a condition precedent to sending an expert, and we cannot assume that these experts who were in the neighborhood upon other business were the same whom the company would have sent to examine this machine had they been notified of its defects and failure. We are of the opinion that the presence of these particular experts, under the circumstances disclosed, did not take the place of the stipulated notice to appellants.

There was no error in refusing evidence on the part of Gunderson that Smith signed the notes as a witness after their execution and delivery, thus creating an alteration of the notes,

for Gunderson, in his separate answer, expressly admitted and alleged that he signed the notes as maker, and that Smith and Thompson signed the same as witnesses to his signature. He could not at the same time assert that a fact existed and prove that it did not exist.

Upon an examination of this record we are unable to discover any error of law that required a new trial as to defendant Gunderson. The judgment of this court, therefore, is that the order granting a new trial is affirmed as to Thompson, and reversed as to Gunderson. The case is remanded to the circuit court for further action in accordance with this opinion; each prevailing party to recover one-half his taxable costs and disbursements. All the judges concur.