ALBERT STIRK *vs.* SAMUEL C. HAMILTON,

York.    Opinion June 1, 1891.

*Chattel Mortgage. Record. Validity. Lex loci contractus. Pub. Laws, Mass. 1882, c. 192, §§ 1-3; R. S., c. 91, § 1.*

In an action of trover against an officer for attaching the outfit of a circus company, it appeared that the plaintiff claimed title to it by virtue of two mortgages, one made in Biddeford, and the other in Boston. There being no evidence that, when the mortgage was made in Biddeford, the mortgagor resided within the State, or that the property had been delivered to and retained by the mortgagee, or that the property was then in Biddeford, *Held*; that the burden of proof was on the plaintiff to show that the property was in Biddeford, when the mortgage was made; that failing to do so, the court correctly excluded the mortgage from the case and the jury were properly instructed to disregard it. *Held*; also, that the validity of the mortgage made in Boston, is to be determined by the *lex loci contractus.*

An instruction to the jury that the burden of proof was on the plaintiff to

satisfy them that, at the time of making the mortgage in Boston, the mortgagor not only resided there, but that Boston was the place where he then principally transacted his business, or followed his trade or calling; and that if the plaintiff had not so satisfied them, then, as against an attaching creditor, the mortgage would not be valid, *was held* to be correct.

ON MOTION AND EXCEPTIONS.

This was an action of trover, brought by Albert Stirk of Boston, against the sheriff of York county for the conversion of a lot of circus property by one of his deputies who had attached the goods on a writ in favor of one Yates against one Wood. The plaintiff claimed title by two mortgages designated in the trial, one as the "Boston mortgage," the other as the "Biddeford mortgage." He gave forty-eight hours written notice of his claim and the true amount thereof to the attaching officer before bringing this action.

The jury found for the defendant, and the plaintiff excepted to the following portions of the charge of the presiding justice :

"I therefore state to you that the evidence in this case would not warrant you in finding that the property was in Biddeford, as the statute contemplates, at the time the mortgage was made, and so you will understand that that comes out, the Biddeford mortgage comes out, and then we fall back upon the Boston mortgage, and if that suffers the same fate all you have to do is to sign and fill in a verdict for the defendant.

"He must satisfy you that Mr. Woods, the mortgagor, at that time, to wit, April 25, 1889, resided in Boston, and he must also show you, that at that time Mr. Woods principally transacted his business or followed his trade or calling in Boston. The burden is upon him to do it. If he does not show that, no matter what he shows, he fails.

"He may have shown that this man had no business in any other town whatsoever but he must go further and show that he resided in Boston on that day, and that on that day Boston was the place where Mr. Woods followed his principal trade or calling, where he principally transacted his business."

"If you do not find in this case the evidence to make it reasonably clear to you that, at the time of the giving of this mortgage, Mr. Woods both resided in Boston and had his prin-

cipal place of business in Boston, or was following his trade or calling, whatever it was, in Boston at that time, whatever he may have done before or since does not matter, then this is not a. valid mortgage against Mr. Yates."

The case otherwise sufficiently appears in the opinion.

*Hamilton and Haley*, for plaintiff.

It was for the jury, under proper instructions, to say whether, upon the evidence as to the previous agreement, and the acts of the parties, they were satisfied that the making of the mortgage and the delivery of the same to the town clerk, was an act authorized by the plaintiff, and was done in pursuance of a previous agreement and authorized so to do.    *Jordan* v. *Farnsworth*, 15 Gray, 517.

It is well settled, that under an agreement between the parties, that one shall make a deed for the other, and deliver the same to the register of deeds for registry, and for the benefit of the grantee, the making of such deed and leaving the same with the register, for such purpose, constitutes a good delivery of the deed to the grantee without any further act.    *Thayer* v. *Stark*, 6 Cush. 11.

It is not necessary that the deed should be delivered to the grantee personally.    *Hatch* v. *Hatch*, 9 Mass. 308 ; *Hedge* v. *Drew*, 12 Pick. 141 ; *Harrison* v. *Phillips Academy*, 12 Mass. 456.

If the question of delivery arises, the authorities above cited show that, as the mortgage was made in pursuance of a previous agreement, and assented to by Stirk before any attachment, that there was a sufficient delivery.

The Court ruled that, from the evidence, the jury would not be justified in finding that the property was in Biddeford, at the time the mortgage was made as the statute contemplates. The mortgage was not made until it was delivered.    It was delivered to the city clerk and recorded at 3.35 P. M.

The Biddeford mortgage was valid as between the parties, whether recorded or not.    Stirk could maintain an action of tort against a wrong-doer, who unlawfully took, or kept possession of the goods covered by the mortgage.

The sheriff is responsible for all official neglect or misconduct of his deputy, and also for his acts not required by law, when the deputy assumes to act under the color of his office. *Harrington* v. *Fuller*, 18 Maine, 277; *Knowlton* v. *Bartlett*, 1 Pick. 270; *Grinnell* v. *Phillips*, 1 Mass. 536; *Marshall* v. *Hosmer*, 4 Mass. 60; *Esty* v. *Chandler*, 7 Mass. 464; *Dyer* v. *Tilton*, 71 Maine, 413: *Hamilton* v. *Goding*, 55 Maine, 419.

*H. Fairfield*, for defendant.

Where a statute requires a mortgage to be recorded in the place of a mortgagor's residence and a case discloses nothing as to the place of his residence, the validity of the mortgage, though recorded, is not established.   Boone Chat. Mort. § 248.

So, where the statute requires a mortgage to be recorded in the mortgagor's place of business, and the case discloses nothing as to the place of his business, the mortgage though recorded is not established.

In *Bither* v. *Buswell*, 51 Maine, 601, plaintiff claimed a horse under a mortgage and defendant by a subsequent sale. The question was, was the mortgage recorded according to our statute, requiring it to be recorded in the place of residence of mortgagor. It appeared that the mortgage was made in Lincoln and recorded in Medway Plantation, but it did not appear where mortgagor resided. The Court said the burden was on plaintiff to sustain his mortgage and to prove that the mortgagor resided in Medway,—he had failed to do it and judgment was given against him.

In this case it cannot be inferred that mortgagor's place of business was in Boston, for there is no fact from which an inference can be drawn.

Our statute is that, if the mortgagor, as in this case, resided out of the State, the mortgage must be recorded where the property is when the mortgage is made.

Woods was a resident of Boston. The mortgage so declares him. Tibbetts, the lawyer, who drew the mortgage, says it was made between ten and eleven in the forenoon. The goods did not arrive in Biddeford till between three and half past, P. M. They were then immediately, in a hurry, moved to Saco, where

an exhibition was had that evening. The goods were not in Biddeford, in the statute sense, at any time of the day on which the mortgage was made and recorded. They were there only *in transitu*. They started that morning from Great Falls, N. H., and were continually in transit, till they reached Saco, their destination, where they were used and remained three days. Saco was the only place in this State, where the goods were, in the statute sense, on that day.

WALTON, J.  This is an action of trover against an officer for property attached on a writ. At a trial in the court below, the jury returned a verdict for the defendant, and the case is before the law court on motion and exceptions by the plaintiff.

The property attached was a part of the outfit of a circus company, and the plaintiff claimed title to it by virtue of two mortgages, one made in Boston and the other in Biddeford. The validity of the mortgages was denied on the ground that neither of them had been legally recorded.

The mortgage made in Biddeford had been there recorded; but the defendant denied that the property was in Biddeford at the time the mortgage was made. The company had exhibited at Great Falls on Friday and Saturday, and the property attached arrived at the station in Biddeford between three and four o'clock in the afternoon of the following Monday, and was immediately transported by teams into Saco, where the company exhibited that evening. The mortgage was made the same day, but it was made in the forenoon, and the property did not arrive at the station till after three o'clock in the afternoon.

Under our law, when all the mortgagors reside without the State, a mortgage of personal property will not be valid against any other person than the parties thereto, unless possession of the property is delivered to and retained by the mortgagee, or the mortgage is recorded in the city, town, or plantation, "where the property is when the mortgage is made." R. S., ch. 91, § 1.

And, there being no evidence that, when the Biddeford mortgage was made, the mortgagor resided within the state, or that the property had been delivered to and retained by the mort-

gagee, or that the property was in Biddeford when the mortgage was made, the presiding justice ruled the mortgage out of the case altogether, and instructed the jury to disregard it.

The plaintiff complains of this ruling on the ground that, whether or not the property was in Biddeford at the time the mortgage was made, was a question of fact for the jury, and should have been submitted to them.

We think the ruling was correct. The burden of proof was on the plaintiff to show that the property was in Biddeford when the mortgage was made. This he failed to do. A careful examination of the evidence shows that beyond a doubt the property was not in Biddeford when the mortgage was made. Probably it was not then within the limits of this State. It would, therefore, have been an idle ceremony to submit the question of fact to the jury; for if they had returned a verdict for the plaintiff based on a finding that the mortgage property was in Biddeford when the mortgage was made, it would have been the duty of the court to set the verdict aside.

We now come to a consideration of the mortgage made in Boston. Of course the validity of that mortgage must be determined by the *lex loci contractus*. And it appears that by the law of Massachusetts, a mortgage of personal property must be recorded not only in the city or town where the mortgagor resides when the mortgage is made, but also "on the records of the city or town in which he then principally transacts his business, or follows his trade or calling," and if not so recorded within fifteen days (unless the property has been delivered to and retained by the mortgagee) the mortgage will not be valid against any person other than the parties thereto. And it not appearing that the mortgage made in Boston had been recorded in any other city or town, or that the mortgaged property had been delivered to or retained by the mortgagee, the presiding justice instructed the jury that the burden of proof was on the plaintiff to satisfy them that, at the time of making the mortgage, the mortgagor not only resided in Boston, but that Boston was the place where he then principally transacted his business, or

followed his trade or calling; that if the plaintiff had not so satisfied them, then, as against the attaching creditor, the mortgage could not be regarded as valid. We fail to discover anything erroneous in these instructions. See Public Laws of Massachusetts, 1882, chap. 192, §§ 1, 2, and 3, put into the case by the defendant's counsel, and referred to by the presiding justice in his charge to the jury.

We think the exceptions must be overruled. And we do not think the motion to have the verdict set aside as against the weight of evidence can be sustained. In fact we do not see how upon the evidence the verdict could have been otherwise.

*Motion and exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.