## La Crosse Boot and Shoe Manuf'g Co. v. Mons Anderson Co. *et al.*

1. Before the filing of a chattel mortgage, the property was removed to another county where it was sold for value. Afterwards the mortgage was filed in the county where it was given, and where the property had been situated; and subsequently, by agreement with said purchaser, a prior mortgagee seized and sold the property in a mode other than that prescribed by statute for sales in foreclosure of chattel mortgages. The subsequent mortgagee sued the purchaser and the prior mortgagee for conversion. *Held*, that the mortgage not having been filed in the county where the property was situated at the time of filing, as required by Comp. Laws, §§ 4379, 4380, the burden was on plaintiff mortgagee to show that the purchaser took with actual notice of the mortgage.

2. A purchaser of goods is not affected by knowledge possessed by the seller of the existence of an unfiled chattel mortgage thereon, executed by a former owner, and an agreement by such seller to pay the mortgage debt.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Brookings county. Hon. J O. Andrews, Judge.

Action in conversion. From a judgment in favor of plaintiff against certain of the defendants, and from an order denying their motion for a new trial, such defendants appeal. Reversed.

The facts are stated in the opinion.

*Joe Kirby* and *Davis, Lyon & Gates,* for appellants.

Where a first mortgagee sells the mortgaged property without foreclosing, he is answerable to the second mortgagee in no case to exceed the difference between the market value of the goods converted and the amount of the first mortgage. Lovejoy v. Bank, 67 N. W. (N. D.) 956; Callen v. Rose, 66 N. W. 639.

*John C. Jenkins (Merrick & Merrick,* of counsel), for respondent,

Fuller, J.    Basing its claim upon a chattel mortgage covering a stock of general merchandise, kept for retail trade, and alleged to have been wrongfully converted by the defendants, plaintiff brought this action, and recovered judgment for the value thereof; and this appeal is from said judgment, and from an order overruling a motion for a new trial.

It is undisputed that appellants Mons Anderson Company and Tolerton & Stetson Company each held mortgages prior and paramount to the mortgage upon which respondent relies and the essential facts with reference thereto may be stated more specifically as follows:    Alonzo Emrick, while the owner in actual possession of the property in dispute, at the village of Egan, in Moody county, mortgaged the same to appellant Tolerton & Stetson Company on the 27th day of December, 1893; to secure the payment of $475 due May 1, 1894, and again on the 7th day of June, 1894, to secure an additional indebtedness of $409.31, payable on or before three months from date. On June 30, 1894, said Emrick, while still the owner in actual possession of the property, executed a mortgage thereon to secure to appellant Mons Anderson Company the payment of $642.92, due in 15 days; and on the last day of the following month, while the foregoing mortgages were of record and wholly unsatisfied, he executed respondent's mortgage to secure $590, due on or before November 1, 1895.    Thereafter, and on the 24th day of August, 1894, more than 30 days prior to the filing of respondent's mortgage, Emrick sold the entire stock of merchandise thus incumbered to May Farrell, who upon the same day removed it to the village of White, in Brookings county, where the same was again sold, prior to the filing of respondent's mortgage, to the defendant C. H. Farrell, to whom actual knowledge of the existence of said unfiled mortgage is not imputed.    On the 2d day of October, 1894, appellants Tolerton & Stetson Company and Mons Anderson Company, apparently without actual notice of respondent's mortgage, seized and took possession of the stock of goods in question, which

was still in Brookings county, under their respective mortgages and four days thereafter entered into an agreement with the present owner, C. H. Farrell, by which it was agreed that said mortgagees might sell the property in Brookings County, either at public or at private sale, and apply the proceeds in liquidation of their respective claims, the residue, if any, to be paid to C. H. Farrell. After disposing of a small portion of the property at private sale, that which remained was advertised and sold in Brookings county, at public auction, to appellant Kirby, the highest bidder, for $1,293, under circumstances sufficient to make the seizure of October 2, 1894, a wrongful conversion, as against respondent, provided it did not subsequently thereto assent to the sale, and its legal standing is such as to enable it to take advantage of the irregularities complained of. Manifestly, the property was not disposed of in the county where the mortgages were filed, at the place designated by the board of county commissioners therein, and within the limited time after the seizure thereof, nor in the manner provided by law. In contemplation of Chap. 26, Laws 1889, the property was not sold at a valid chattel mortgage foreclosure sale; and if the agreement between the mortgagees appealing, and C. H. Farrell, the owner of the property subject to their liens, was unauthorized, because respondent held a valid and subsisting mortgage, enforceable against the property in the hands of said Farrell, appellants are guilty of a wrongful conversion of the property, and their securities were, per force of statute, extinguished. Comp. Laws, § 4342. As a tortious taking, or an act, with reference to personal effects, inconsistent with another's interest therein, is essential to a wrongful conversion, it was incumbent upon respondent to establish its right, under a valid mortgage, to the possession of the property in the hands of C. H. Farrell, by evidence fairly preponderating. It being elementary that a contract between legally qualified persons relating to a proper subject-matter is presumptively valid, and that the law neither imputes thereto

bad faith nor want of consideration, a person claiming, under an unfiled chattel mortgage, property in the hands of a subsequent purchaser, is charged with the burden of showing that said purchaser had actual notice of the existence of such incumbrance.    Rogers v. Wiley, 56 Am Dec. 491; Ryder v. Rush 102 Ill. 338.    The act of purchasing mortgaged personal property without the written consent of the mortgagee is, in effect, a fraud upon the latter, which will not be presumed, but must be shown affirmatively by the party seeking to avail himself of it.    Bush v. Golden, 17 Conn. 594; Pollak v. Davidson, 87 Ala. 551, 6 South. 312; 16 Am. & Eng. Enc. Law, 842.    Consequently as appellants were confessedly creditors of the mortgagor and C. H. Farrell—a purchaser of the stock of merchandise, without constructive notice, and presumptively in good faith for value—in order to impeach the transaction between them, respondent, whose mortgage was not filed, when the purchase was made by Farrell, in the county where the property was situated at the time of such filing, must show affirmatively that said C. H. Farrell had actual knowledge of the existence thereof.    "Actual notice consists in express information of a fact." Comp. Laws, § 4741.    For obvious reasons, the legislature has expressly declared that a mortgage of personal property is void, as against subsequent purchasers in good faith for value, unless the original, or an authenticated copy thereof, be filed in the manner specified, and in the county where the property, or some part thereof, is at the time of such filing situated; and, when thus filed, subsequent purchasers are charged only with constructive notice of the mortgagee's lien upon so much of the property described in his mortgage as is, at the time of filing, situated in the county wherein such filing is made.    Comp. Laws, §§ 4379, 4380.

Conceding that the agent of the purchaser of the property from the original mortgagor had actual notice of the unfiled mortgage, and verbally agreed to pay respondent's debt secured thereby, that alone would not bind C. H. Farrell, or charge

him with notice; and the filing of the mortgage in Moody county long after the property had been removed therefrom to Brookings county, and purchased by said Farrell from the owner in possession, could not operate retrospectively to revive a mortgage which had become absolutely void, under the statute, as against purchasers in good faith for value. C. H. Farrell, who took the property discharged of every lien not filed as the law directs, was legally authorized to enter into an agreement with appellants, irrespective of their mortgages or notice upon their part, by which the balance remaining after the payment of their claims should be returned to him; and if the entire property was thereby squandered, that fact is a matter of no concern to respondent. When mortgaged personal property comes into the hands of a purchaser having no notice of the lien, he obtains a complete title, and his want of notice is ample protection to all subsequent vendees, although they have actual notce of the incumbrance. 16 Am. & Eng. Enc. Law, 841, and numerous cases therein collated.

The views here expressed render unnecessary any further consideration of appellant's assignments of error. The judgment appealed from is reversed, and a new trial is awarded.