## La Crosse Boot & Shoe Mfg. Co. v. Mons Anderson Co. *et al.*

1. E. owned a stock of goods, which he mortgaged to defendant companies, and their mortgages were properly filed. Afterwards E. mortgaged the same stock to plaintiff, but before plaintiff's mortgage was filed E. sold the stock to F., who removed it to another county and sold it to C.

*Held,* that C. having no notice of plaintiff's mortgage at the time he purchased the goods, could authorize the sheriff, who had possession of the goods, to sell them for the benefit of defendants, and plaintiff cannot complain of such disposition, not having filed its mortgage in proper time.

2. F. was the purchaser of a stock of goods on which defendants had mortgages, properly filed. Plaintiff also had a mortgage, which was not filed until after the sale to F., who had no notice of such mortgage. The goods were in possession of the sheriff and F., and defendants agreed that the sheriff should sell the goods until enough was realized to pay the defendants' mortgages, and, if sufficient was not realized, to hold the money until the the relative priority of defendants' claims were determined. *Held,* that the contract was not a sale to defendants, but an authority to the sheriff to sell the goods as agent of F., with the consent of defendants, the proceeds to be held for their benefit, and, being entered into by the parties without notice of plaintiff's mortgage, defendants were not guilty of a conversion.

3. F. purchased a stock of goods on which defendants held mortgages. Plaintiff also had a mortgage, which was not filed until after the purchase by F., who had no notice of such mortgage. F. and defendants agreed that the sheriff should sell the stock of goods; the proceeds to be applied on defendants' mortgages if sufficient was realized; if not, to hold such proceeds until the relative priorities of defendants' claims were determined. *Held,* in an action by plaintiff against defendants for conversion, that an instruction that if plaintiff did not establish, by a fair preponderance of evidence, notice of its mortgage to the purchaser at the time of purchase, and to defendants before entering into agreement with purchaser, the finding should be for defendants, was correct.

4. F. purchased a stock of goods, subject to defendants' mortgages, without notice of plaintiff's mortgage, which was not filed until after his purchase. F. and defendants consented that the sheriff should sell the goods, and hold the proceeds for the benefit of defendants. *Held,* that plaintiff could not complain of such transaction; the goods not having sold for sufficient to pay defendants' claims and the costs of sale.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Brookings county. Hon. J. O. Andrews, Judge.

Action by the La Crosse Boot & Shoe Manufacturing Company against the Mons Anderson Company, the Tolerton & Stetson Company, and Joe Kirby, for conversion of a stock of merchandise. Judgment for defendants, and from an order granting a new trial defendants appeal. Reversed.

The facts are stated in the opinion.

*Davis, Lyon & Gates, Cheever & Hull, Rochford & McMahon, Joe Kirby,* and *H. H. Schwartz,* for appellants.

An exhibit in writing imports a consideration and the burden of showing a want of consideration lies with the party seeking to avoid it. Comp Laws, 1887, § 4538; Corbett v. Clough, 65 N. W. 1074; 1 Beach Mod. Contracts.§ 187; Prior v. Hunter, 31 Neb, 678; Chapman v. Eyre, 45 N. Y. 38.

*C. H. Farrell, John C. Jenkins,* (and *Merrick & Merrick,* of counsel,) for respondent.

A purchaser of property cannot claim to be a purchaser without notice, if he had notice at any time before the consideration is paid. Lytle v. Lansing, 147 U. S. 59; Schloss v. Feltus, 61 N. W. 797; Hayden v. Driving Park, 63 Conn. 142; 16 Am. & Eng. Enc. Law, 834.

Corson, J. This is an appeal from an order granting a new trial. The action was brought by the plaintiff, as junior mortgagee of a stock of goods, to recover damages of the defendants who were prior mortgagees of the same stock of goods, for an alleged unlawful conversion of the same. The verdict and judgment in the action were in favor of the defendants, and upon the plaintiff's application a new trial was

granted.   At the former trial of the action the judgment was in favor of the plaintiff, which, on appeal to this court, was reversed, and a new trial ordered.   The opinion in that case is reported in 9 S. D. 560, 70 N. W. 877, and in that opinion the facts are fully stated.   The order for a new trial from which this appeal is taken was granted, as stated by the court, "upon the sole ground that Exhibit U did not operate to transfer the title to the property in question from Charles H. Farrel; that the defendants were not *bona fide* purchasers under said Exhibit U, and their sale thereunder was a conversion of the property, as against the plaintiff; and that therefore the instructions of the court   *   *   *   are erroneous."   The decision of the court having been made solely upon a question of law, the review of this court will be limited to that question alone.   Sandmeyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353; Aultman v. Gunderson, 6 S. D. 226, 60 N. W. 859.

Exhibit U, referred to in the order of the court, reads as follows:

"Sioux Falls, S. Dak., Oct. 6, 1894.   W. H. Hawley, Esq., Sheriff Brookings county, S. Dak.—Dear Sir:   We, the undersigned, attorneys for Tolerton & Stetson Co. and Mons Anderson Co., holders of mortgages on the stock of goods bought by May Farrell of Alonzo Emrick, and by her sold to C. H. Farrel, which stock of goods you have in your possession under two mortgages given by Alonzo Emrick to Tolerton & Stetson Co., and one mortgage given by May Farrell to Tolerton & Stetson Co., and one mortgage given by Alonzo Emrick to Mons Anderson Co., hereby consent that you sell said stock at auction or private sale, or both, as you see fit, and to appoint some suitable person a bailiff to take charge of the sale, and to continue

the sale from day to day until sufficient goods have been sold to realize your fees and our claims and legal expenses. In case there is not sufficient money realized to pay both our claims, the amount realized by you, after deducting your fees and costs, is to be held by you until directed to the contrary by both of the undersigned, or until the relative priority of these claims is determined by law. You are to receive all moneys from such sales and retain them as above, but, when paid to either of us, shall be applied on the notes held by our clients, secured by the mortgages herein before mentioned. Davis, Lyon & Gates, Attorneys for Tolerton & Stetson Co., Joe Kirby, Attorney for Mons Anderson Co.

"I hereby consent to the foregoing. C. H. Farrell."

The facts giving rise to this agreement may be briefly stated as follows: Alonzo Emrick was the owner of the stock of goods in controversy, at Egan, in the county of Moody. He mortgaged the goods to the defendants, and their mortgages were properly filed in the proper office in Moody county. Subsequently he mortgaged the same goods to the plaintiff, which mortgage was not filed until some time after its date. In the meantime Emrick sold the stock of goods to May Farrell, who immediately removed the same to Brookings county, and afterwards sold them to C. H. Farrell, who, without any knowledge actual or constructive, of the plaintiff's mortgage, as was necessarily found by the verdict of the jury, entered into an agreement (Exhibit U). It may be assumed from the verdict of the jury that neither of the defendants had any actual or constructive notice of plaintiff's mortgage at that time. Under that agreement the goods were sold, and the proceeds held to be applied to the payment of the prior mortgages of the defendants.

An attempt was made to sell the property under the defendants' chattel mortgages, but as the provisions of Chapter 26, Laws 1889, were not complied with, this court, in its former decision, held the sale invalid   As to  that sale this court, in that opinion, said:   "In contemplation of Chapter 26, Laws 1889, the property was not sold at a valid chattel mortgage foreclosure sale; and if the agreement between the mortgagees appealing and C. H. Farrell, the owner of the property subject to their liens, was unauthorized, because respondent held a valid and subsisting mortgage, enforceable against the property in the hands of the said Farrell, appellants are guilty of a wrongful conversion of the property, and their securities were, per force of statute extinguished.  Comp. Laws, § 4342."  This court then proceeded to discuss the legal effect of Exhibit U, and said: "Consequently, as appellants [defendants] were confessedly creditors of the mortgagor and C. H. Farrell,—a purchaser of the stock of merhandise, without constructive notice. and presumptively in good faith for value,—in order to impeach the transaction between them, respondent [plaintiff], whose mortgage was not filed, when the purchase was made by Farrell, in the county where the property was situated at the time of such filing, must show affirmatively that C. H. Farrell had actual knowledge of the existence thereof.    *    *    *    C. H. Farrell, who took the property discharged of every lien not filed as the law directs, was legally authorized to enter into an agreement with appellants, irrespective of their mortgages or notice on their part, by which the balance remaining after the payment of their claims should be returned to him; and, if the entire property was thereby squandered, that fact is a matter of no concern to respondent.

When mortgaged personal property comes into the hands of a purchaser having no notice of the lien, he obtains a complete title and his want of notice is ample protection to all subsequent vendees, although they have actual notice of the incumbrance." It will thus be seen that the court, in legal effect, construed Exhibit U as giving authority to the sheriff of Brookings county to sell the property described in the defendants' chattel mortgages, and as authorizing him, in case there was not suficient money realized to pay all the claims, to hold the proceeds of the sale until the relative priority of the claims of the defendants should. be determined by law—the court being of the opinion that if C. H. Farrell purchased the property in good faith, and without notice, actual or constructive, of plaintiff's mortgage, it was competent for him to authorize the sheriff to sell the goods for the benefit of the defendants; and this construction must be regarded as the law of this case. Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; *Id.* 4 S. D. 265, 56 N. W. 892. Exhibit U is not, strictly speaking, a sale to the defendants, but it is an authority to the sheriff to procced and make the sale as the agent of C. H. Farrell, and pay over the proceeds in case sufficient should be realized, or, if not, to hold them for the benefit of the defendants. Assuming, therefore, as must have been found by the jury that C. H. Farrell had no notice, actual or constructive, of the plaintiff's mortgage at the time he purchased the goods, he had an undoubted right to dispose of the same, which it appears he purchased with full knowledge of defendants' mortgages, and upon an agreement to assume them, with the consent of the defendants, in order to pay off their mortgages, in any manner that he might deem proper, and of such a disposition of the property the plaintiff

was not in a position to complain, as it had failed to file its mortgage in the proper county at the proper time. The instructions of the learned circuit court, therefore, which it regarded on the motion for a new trial as erroneous, were, in the opinion of this court, strictly correct. These instructions are as follows: "Again, the burden is upon the plaintiff aforesaid to prove that these defendants had actual notice of the plaintiff's mortgage at or prior to the time of the execution of the contract (Exhibit U) entered into between the defendants Mons Anderson Company and Tolerton & Stetson Company and C. H. Farrell, if you find Farrell was the owner, or else your verdict must be for the defendants. Now, the burden being upon the plaintiff to prove notice of its mortgage, first to May Farrell, then to C. H. Farrell, then to the defendants prior to their respective purchases, and the execution of the contract (Exhibit U) as aforesaid, therefore, if the plaintiff fails to establish by a fair preponderance of evidence any of said matters, then you must find for the defendants." Under these instructions the jury evidently found that the defendants had neither actual nor constructive notice of the plaintiff's mortgage prior to the time of the execution of Exhibit U, and the jury must have further found that C. H. Farrell had no notice, actual or constructive, of the plaintiff's mortgage prior to his purchase. That being so, under the former decision of this court the defendants were clearly entitled to a verdict. The view, therefore of the learned circuit court on the motion for a new trial, that Exhibit U did not operate to transfer the title to the property in question, is not material in this case. That contract did authorize the sheriff, as the agent of Farrell, with the consent of the defendants, to dispose of the property and convey a good title there-

to. Our construction of the contract is that the defendants were not purchasers under the same. within the meaning of the statute. They simply consented that the sheriff, as the agent of Farrell should sell the stock of goods, and appropriate the money to the payment of these mortgages, in case the. same should be sufficient, or, if not, to hold it for the benefit of the mortgagors until their respective claims should be determined. As to this transaction, as we have before stated, the plaintiff was not in a position to complain; it affirmatively appearing from the record that the property did not bring sufficient to pay the prior mortgages in full, and the costs and charges of the sale. In the view we have taken of Exhibit U, we do not deem it necessary to review the authorities cited by counsel for the plaintiff as to who are subsequent purchasers in good faith. The order of the circuit court granting a new trial is reversed.