## RUA v. WATSON *et al.*

A mining deed in the ordinary form conveyed mining property to one described as "trustee, and to his heirs, successors and assigns forever." There was also a verbal understanding between the parties that the grantee might sell the property, aad pay the proceeds to the grantor. *Held*, that the mere adddition of the word "trustee" to the name of the grantee did not create a trust, or charge a *bona fide* purchaser for value from him with notice of any trust or claim in favor of the original grantor, so as to render him an involuntary trustee.

(Opinion filed August 29, 1900.

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge,

Action by Helga K. Rua against William A. Watson and Sol Rosenthal. Judgment for plaintiff, and defendant Rosenthal appeals. Reversed.

*Martin & Mason,* for appellant.

No appearance for respondent.

FULLER, P. J.   This action to obtain a decree adjudging the defendant Rosenthal to be an involuntary trustee of certain undivided interests in seven contiguous mining claims, and to require him to convey the same to plaintiff, resulted in the object sought, and defendant Rosenthal appeals from a judg-ment accordingly entered, and from an order overruling a motion for a new trial.

On the 18th day of November, 1895, respondent, being the owner of the property, conveyed the same, for a consideration of one dollar, expressed in the deed, to the defendant "William A. Watson, trustee," and "to his heirs and assigns, forever." A year later, Watson, who was not served with process, and in no manner appeared in this action, conveyed the same property by the same form of mining deed to appellant for $450, paid by him at the time in cash.   Although neither fraud, accident, nor mistake was alleged or proved, and the designation of Watson as "trustee" in the deed which conveyed the property to him and "to his heirs, successors, and assigns. forever," was the only written evidence relied upon to establish an express trust, concerning which, if it existed, appellant knew nothing, respondent was allowed, over valid objections of counsel for appellant, to testify that there was no consideration, and, according to a parol agreement, Watson was to redeed to him when requested so to do.   No benificiary is named, and the deed purports to convey the property to Watson absolutely, together with all the dips, spurs, and angles, and also all the metals, ores, gold and silver bearing quartz, rock, and earth

therein, and all the rights, privileges, and franchises thereto incident, appendant, and appurtenant, or therewith usually had and enjoyed; and also all and singular the tenements, hereditaments, and appurtenances thereto belonging or in any wise appertaining, and the rents issues, and profits thereof; and also all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part of, in, or to the said premises, and every part and parcel thereof, with the appurtenances; to have and to hold, all and singular, the said premises, together with the appurtenances and privileges thereto incident, unto the said party of the second part, his heirs, successors, and assigns, forever." The expression, "to have and to hold unto the said party of the second part, his heirs, successors, and assigns, forever," when considered with other provisions of the deed, gave Watson ample authority to sell, and respondent upon the witness stand swore that, according to their oral arrangement. "he was to sell it if he could, and give me the money. That was the understanding betweem him and me in the talk before I made the deed." "There was an understanding, * * * if he sold it, of course he would transfer the money to me. He should see me, though, before selling it." While in other portions of his testimony he contradicts and qualifies the foregoing statements to some extent, it appears from the undisputed evidence that appellant is a purchaser in good faith, for value, without any knowledge of the secret oral agreement that Watson was to see respondent before he sold, and give him the money for which the property might be conveyed. Under his own theory it was incumbent on respondent to prove that appellant had actual or constructive notice of

such restriction, and the mere employment of the word "trustee" after the name of Walker is insufficient to create a trust or operate as notice of any kind to appellant. Comp. Laws, § 3980; Mechem, Ag. § 279; Brewster v. Sime, 42 Cal. 139; Hart v. Seymour (Ill. Sup.) 35 N. E. 246. Power to sell being conferred upon Walker, both by the deed and orally, according to the testimony of respondent, the disposition of the money paid therefor by appellant was, under the circumstances, of no concern to him, and the record discloses no breach of trust. Dyett v. Trust Co., (N. Y. App.) 35 N. E. 341; La Crosse Boot & Shoe Mfg. Co. v. Mons Anderson Co., 9 S. D. 560, 70 N. W. 877. Having purchased in good faith, and for a valuable consideration, from a person expressly authorized to sell, appellant is in no sense an involuntary trustee, and respondent is entitled to no relief. Comp. Laws, § 3933. The record discloses numerous errors relating to the admission of oral testimony concerning the consideration named in the deed, which, in the absence of fraud or mistake cannot thus be disputed; but, in view of the fact that these questions are not likely to again arise, and the further fact that respondent has favored us neither with a brief nor oral argument, we devote no further time to the assignments of error. The judgment appealed from is reversed, and the case remanded for such further proceedings constistent herewith as may be found necessary and proper.