### LaCrosse Boot & Shoe Mfg. Co. v. Mons Anderson Co. *et al.*

F. purchased goods on which plaintiff and defendants held mortgages; plaintiff's mortgage not being recorded until after the purchase by F., who had no notice thereof. F. and defendants agreed that the sheriff should sell the goods; the proceeds to be applied on defendants' mortgages if sufficient was realized; if not, to hold such proceeds until the relative priority of defendants' claims were determined. *Held,* in an action for conversion, that an instruction that if plaintiff did not establish actual notice to F. of its mortgage before the purchase, and to defendants before the agreement with F., the finding should be for defendants, was erroneous, since plaintiff could recover unless the property described in its unrecorded mortgage had since its execution passed, without notice, into the hands of a *boni fide* purchaser or incumbrancer.

Corson, J., dissenting.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Brookings county. Hon. J. O. Andrews, Judge.

This case was first determined by this court in an opinion reported in 13 S. D. 301, 82 N. W. 78, in which opinion the judgment of the trial court, in favor of the defendants, was reversed. This opinion is upon a rehearing subsequently granted. Former decision is disaffirmed, and the judgment of the trial court affirmed.

Corson, J., dissenting.

*Davis, Lyon & Gates, Cheever & Hall,* and *Joe Kirby,* for appellants.

*C. H. Farrell, Merrick & Merrick,* and *John C. Jenkins,* for respondent.

Fuller, P. J. The decision in this case, now before us on rehearing, is reported in 13 S. D. at page 301, 83 N. W. 331, where the facts are fully stated; and it is held, on appeal from an order granting a new trial, that, notwithstanding defendants had never purchased the stock of merchandise in controversy, it was not erroneous to instruct the jury that the burden was upon plaintiff to prove that defendants had actual notice of its unrecorded mortgage prior to the time when they converted the property described therein, and appropriated the proceeds thereof to the payment of certain prior mortgages, which they then held. For the facts essential to a complete understanding of the relation of the parties to each other and to the property in dispute, we refer to the cases as reported in 9 S. D. 560, 70 N. W. 877, and 13 S. D. 301, 83 N. W. 331, above mentioned. Defendants not being subsequent purchasers or incumbrancers of the property described in plaintiff's unrecorded mortgage the same is not void as to them, under section 4379 of the Compiled Laws; and, upon reflection, we are now satisfied that the following

instructions, as to notice, upon which the trial court based its order for a new trial, were erroneous: "Again, the burden is on the plaintiff aforesaid to prove that these defendants had actual notice of the plaintiff's mortgage at or prior to the time of the execution of the contract, Exhibit U, entered into between the defendants, Mons Anderson Company and Tolerton & Stetson Company, and C. H. Farrell, if you find Farrel was the owner, or else your verdict must be for the defendants. Now, the burden being upon the plaintiff to prove notice of its mortgage, first to May Farrell, then to C. H. Farrell, then to the defendants, prior to their respective purchases, and the execution of the contract, Exhibit U, as aforesaid, therefore, if the plaintiff fails to establish by a fair preponderance of the evidence any of said matters, then you must find for the defendants." Under the evidence, as submitted by the foregoing instructions, the jury might well find that neither May Farrell nor C. H. Farrell was a purchaser without actual notice, in good faith, for value, and still return the verdict for defendants, on account of a lack of notice, although they are not subsequent incumbrancers nor purchasers at all. As a matter of law, plaintiff should recover, unless the property described in its unrecorded mortgage has, since the execution thereof, passed, without notice, into the hands of a purchaser or incumbrancer in good faith, for value; and it was reversible error to instruct the jury that, in order to entitle plaintiff to recover, it must prove by a fair preponderance of the evidence, in any event, that the defendants had actual notice of the existence of such mortgage. Consequently we must disaffirm our former reversal, and affirm the order of the trial court granting a new trial.

Corson, J., dissenting.