HALES V. ZANDER *et al.*

No. 181.    Opinion Filed July 13, 1909.

(103 Pac. 669.)

CHATTEL MORTGAGES—Filing—Place of—"At Such Time." Under Wilson's Rev. & Ann. St. 1903, sec. 3578, providing for the filing of mortgages in the county where the property "is at such time situated," a mortgage of mules which were taken by the mortgagor by consent of the mortgagee into Indian Territory is properly recordable in the county in which the mules were at the time the mortgage was executed, and not in Indian Territory, where they were subsequently taken, and, such mortgage not being there recorded, is void as to subsequent attaching creditors of the mortgagor.

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by W. T. Hales against A. Zander and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Everest & Smith* and *C. M. Thorp,* for plaintiff in error, citing: *Ames Iron Works v. Chinn* (Tex. Civ. App.) 38 S. W. 247; *Galt v. Dibrell,* 18 Tenn. 146; *Gookin v. Graham,* 24 Tenn. 479.

*A. J. Morris,* for defendants ·in error, citing: *Yund v. Bank* (Wyo.) 82 Pac. 6; *Aultman-Taylor Mach. Co. v. Kennedy* (Iowa) 87 N. W. 435; *Craig v. Williams* (Va.) 18 S. E. 899; *Bank v. Weed.* (Mich.) 50 N. W. 864; *Mumford v. Harris* (Colo.) 44 Pac. 772; *Greenville Nat. Bank v. Evans, etc., Co.,* 9 Okla. 353; *Jones on Chattel Mortgages,* § 303.

TURNER, J.    On January 27, 1907, W. T. Hales, plaintiff in error, plaintiff below, sued A. Zander, F. W. Schultz, and J: S. Thompson, defendants in error, defendants below, in the district court of Caddo county in replevin for four head of mules, alleging special ownership therein by virtue of a chattel mortgage executed and delivered to him by W. H. Walls on June 8, 1905, to secure a debt of $1,750.    Defendants justified under a writ of

attachment, subsequently sued out and levied on the property at the instance of creditors of said Walls. There was trial to a jury, which resulted in judgment for defendants to reverse which plaintiff brings the case here.

At the time the mortgage was executed, plaintiff lived in Oklahoma City. Walls lived in Coalgate, in the Sixteenth recording district in Indian Territory. On said date Walls came to Oklahoma City, bought the mules in question of plaintiff, then and there executed and delivered to him the mortgage in question, which not only covered said mules then located in Oklahoma City, but also other personal property belonging to Walls located at Coalgate. Said mortgage was never filed for record in Oklahoma, but next day was filed for record in the office of the clerk of the United States Court in the Indian Territory, Southern District, at Ada, who was also *ex officio* recorder of said Sixteenth recording district. The property was subsequently taken by Walls into Caddo County, where it was attached, as stated, and the only question for us to determine is whether the mortgage is void as against said attaching creditors. The trial court held that it was and therein we see no error.

Wilson's Rev. & Ann. St. 1903, § 3578, provides:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property in good faith, for value, unless the original or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated. * * *"

"At such time" refers to the time of execution of the mortgage and required it to be filed in Oklahoma county, where the property was situated, at the time it was executed, and not in the Sixteenth recording district in Indian Territory, where it was afterwards taken, and where it was located at the time the mortgage was there filed, as stated. Jones on Chattel Mortg. (5th Ed.) § 251 says:

" * * * It is the county where the property is at the time the mortgage is executed, which determines the place of

record under a statute providing that a mortgage shall be recorded in the county where the property is located. It is the plain intent of such a statute that the filing should be in the township where the property is at the time of the execution and delivery of the mortgage, and not in some other township or city to which the property may be removed after such execution and delivery"—

citing *Yund v. Bank,* 14 Wyo. 81, 82 Pac. 6; *Greenville Nat. Bank v. Evans-Snyder-Buel Co.,* 9 Okla. 353, 60 Pac. 249, 253; *First Nat. Bank v. Weed,* 89 Mich. 373, 50 N. W. 864; *Stirk v. Hamilton,* 83 Me. 524, 22 Atl. 395.

In *Greenville Nat. Bank v. Evans-Snyder-Buel Co., supra,* the court said of this statute that it "only provides for the filing of the mortgages on property which is located within the territory at the time of the execution of the mortgage."

In *Yund v. First Nat. Bank of Shawnee,* 14 Wyo. 81, 82 Pac. 6, the court, in construing this statute, speaking of those mortgages, said:

"The first mortgage, having been filed where the property was situated at the time it was executed and while the property remained there, became a valid lien as against the creditors of the mortgagor in Oklahoma. The second mortgage was not filed until some time after the property covered by it had been removed from Oklahoma, and it is now contended by counsel for plaintiff that for that reason it never became a lien on the property. This contention must be sustained. The mortgage was void as against creditors of the mortgagor in Oklahoma, unless filed, and, not being filed before the property was removed to the Indian Territory, it went there free of any lien as to creditors, and the subsequent filing in Oklahoma could create no lien upon it in a foreign jurisdiction. The third mortgage never became a lien as against creditors, because not filed where the property was situated at the time it was executed."

And in *First Nat. Bank v. Weed,* 89 Mich. 373, 50 N. W. 869, in construing the language of a statute providing for the filing of chattel mortgages in the office of the clerk of the town or township "where the property is," it is said:

"It is plain that it is the intent of the statute that the filing

should be in the township or city where the property is at the time of the execution and delivery of the mortgage, and not in some other township or city to which the property may be removed after such execution and delivery."

In *Mumford v. Harris,* 8 Colo. 51 44 Pac. 772, in construing Mills' Ann. St. § 387, which provides for the recording of mortgages in the county where the property "shall" be situated, the court held that the mortgage of cattle which are to be taken by the mortgagor to some other county was properly recorded in the county in which the cattle were at the time the mortgage was executed, and not the county to which they were subsequently taken.

There is no room to speculate on the force and effect of this mortgage being filed for record in the Sixteenth recording district of the Indian Territory, to which place the property was removed after its execution by consent of the mortgagee. We think it sufficient to say that the same was *nil* for the reason that the mortgage statute of Arkansas then in force in the Indian Territory did not permit the filing of a chattel mortgage in that jurisdiction executed in another territory on property located there, but referred to mortgages on property located within said territory at the time of their execution. Said statute provided (Mansf. Dig. § 4742) :

"All mortgages, whether for real or personal estate, shall be proved, or acknowledged in the same manner that deeds for the conveyance of real estate are now required by law to be proved or acknowledged; and when so proved and acknowledged shall be recorded—if for lands, in the county or counties, in which the lands lie, and, if for personal property, in the county in which the mortgagor resides."

Which was by the act of Congress approved Feb. 1, 1897 (29 Stat. 510, c 136), amended so as to add thereto:

"Provided, that if the mortgagor is a nonresident of the Indian Territory the mortgage shall be recorded in the judicial district in which the property is situated at the time the mortgage is executed."

It follows that, as the mortgage was executed outside of said territory on property not located therein, and as there was no

statutory provision authorizing a removal of said property into said territory and the filing of said mortgage therein, said filing added nothing thereto. This was so expressly held in *Greenville Nat. Bank v. Evans-Snyder-Buel Co., supra*. In that case the cattle were located in the Chickasaw Nation, and the mortgages executed and delivered and duly filed for record there. The cattle were afterwards moved to a pasture in the Kiowa reservation in Oklahoma Territory, and there attached. In passing the court in effect held that the mortgages, being in conformity to the laws of the *lex loci contractus*, were valid and subsisting securities capable of being enforced elsewhere, and that the mortgagees lost no right by failing to have them filed in Canadian county.

We are therefore of opinion that as plaintiff gained nothing by filing his mortgage in the Sixteenth recording district, and that to preserve his lien it was properly filable in Oklahoma county before the mules were shipped out, that the same was void as to these attaching creditors, and for that reason the judgment of the trial court is affirmed.

All the Justices concur.