COWART v. ALLEN.

No. 2677.   Opinion Filed June 20, 1913.

(134 Pac. 66.)

1. **CHATTEL MORTGAGES—Filing for Record.** Section 3542, 'St. Okla. 1890 (Rev. Laws 1910, sec. 4031), requires filing of chattel mortgage in county of situs of chattel at time of execution of mortgage, and further, while such chattel remains in or has not, with consent of holder of mortgage, been removed from such county.

2. **SAME—Constructive Notice.** Where chattel mortgagee takes mortgage in anticipation of removal of property to another county, to which it is removed with his knowledge and consent in a few days thereafter, and where he files mortgage in county of original situs twenty days thereafter, and does not file in county to which such removal is made, such filing does not constitute constructive notice.

(Syllabus by Thacker, C.)

*Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.*

Action by J. J. Allen against Ran Cowart. Judgment for plaintiff, and defendant brings error. Reversed.

On December 17, 1907, one H. T. Jackson, in fact then living in Lincoln county, gave defendant in error (plaintiff in the trial court), then living at Stroud, Okla., his note for the sum of $510 and interest, due one year after date, and as security therefor his chattel mortgage of that date on certain property actually situated in said county, including the two horses involved in this case, but in vaguely apparent mutual anticipation and intent that the mortgagor, with all the mortgaged property, would remove to Okfuskee county and keep and possess the said mortgaged property on Thomasson & Rooney's ranch, three miles north and one mile east of Keokuk Falls in said Okfuskee county. The mortgagor, in such anticipation of such removal, is described in the mortgage as "living in Okfuskee county, Okla."; and, after describing the

two horses involved in this case as "one bay horse six years old, wt. about 1,600 lbs., white stripe in face, val. $175; one bay horse six years old, wt. about 1,600 lbs., white stripe in face, val. $175," the mortgage concludes the description of the mortgaged property in words ·following:

"This property is to be kept on Thomasson & Rooney ranch, three miles.north, one mile east of Keokuk Falls in said Okfuskee county. * * * The said above-described property is now and (except as hereinafter provided) shall remain in the possession of said first party at the above-described place, Okfuskee county, Okla.,"

—which description of property also vaguely appears to· have been given in such anticipation of such removal. At the time this mortgage was given it appears that the property was kept by· the mortgagor on the farm of one Adams in Lincoln county; but the relation of the mortgagor to the property at that time does not more fully appear, otherwise than is shown by the ·mortgage itself and this statement of the facts: "A few days" after giving this mortgage, the mortgagor, with all the mortgaged property, removed to said Okfuskee county; but, instead of placing the. property on "Thomasson & Rooney ranch" in conformity with the mortgage, it was placed on "Addison & Tomlinson's ranch;" and it does not appear how nearly identical or how greatly different the places thus designated are. On January 6, 1908, this mortgage ·was filed in the office of the register of deeds in Lincoln county.

"After Christmas," in December, 1909, plaintiff in error (defendant in the trial court), without actual knowledge or notice, of any "claim" by the defendant in error, purchased of one Earnest, as salesman, and acquired possession of these two horses on a street in Shawnee, paying $204 in money for them, and no .part of this money has ever been returned to him, and it appears that· the mortgagor, under whom the defendant in error claims, was the common source of the claim of right to the property by each of the parties to this action.

It is stated in the brief for plaintiff in error, without contradiction by defendant in error, that he "is admitted to

be a purchaser in good faith, without actual notice, under a foreclosure of a mortgage given by the owner of the property;" and, although the evidence is meager and vague with respect to how the property passed from the mortgagor to the defendant in error, there is unquestioned evidence vaguely tending to justify this statement. There was no mortgage other than the one under which plaintiff in error claims in evidence, nor was there evidence of any proceeding to foreclose any such other mortgage; but the same are at least suggested by the record of the trial.

On February 14, 1910, defendant in error brought an action in replevin in a justice court of Shawnee township, Pottawatomie county, against the plaintiff in error; but a redelivery bond was given, and plaintiff in error retained possession. On March 21, 1910, this case was tried in the justice's court, and the defendant in error recovered judgment; but plaintiff in error appealed, and on March 30, 1910, the case was filed in the superior court of Pottawatomie county on such appeal. On September 26, 1910, plaintiff in error filed his answer in the superior court, denying each and every material allegation of the bill of particulars of the defendant in error, and on the same day the case was tried to the court without a jury, whereupon the court gave judgment for defendant in error.

On September 25, 1910, when this case was tried in the superior court, the defendant in error testified without contradiction that each of the horses was worth about $90 at the time he commenced this action. The note to secure which the mortgage was given was not in evidence, and there was no evidence of default in its payment nor breach of condition of the mortgage, other than the bare statement of the defendant in error that he is the owner and holder of both the note and mortgage. It vaguely appears that the property in controversy is the identical property that is described in the mortgage, as already stated; but the evidence itself is very meager upon this. as well as upon the other questions of fact in the case which we have stated to be vaguely apparent.

In the trial in the superior court the plaintiff in error made objections to the testimony relating to the mortgage and to the admission of. the mortgage in evidence, moved to strike out much of the evidence, demurred to the evidence, and moved the court for judgment for the possession of the horses; but the trial court overruled all these objections, and the plain-- tiff in error saved his exceptions to such rulings.

On Sepember 29, 1910, plaintiff in error filed his motion for a new trial, specifying grounds therefor and present- ing substantially every question that is presented to this court by the petition in error. On October 8, 1910, the motion for a new trial was overruled, plaintiff in error excepted thereto, and the case is brought to this court for review.

*Stanard, Wahl & Ennis,* for plaintiff in error.
*Holt, Williams & Johnson,* for defendant in error.

Opinion. by THACKER, C. (after stating the facts as above). In this opinion plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respecive titles in the trial court. The facts are as stated above.

Section 4031, Rev. Laws 1910, (section 3542, St. Okla. 1890), reads:

"A .mortgage of personal property is void as against cred- itors of the mortgagor, subsequent purchasers, and incum- brancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the prop- erty mortgaged, or any part thereof, is at such' time situated * * * * "

Section 4032, Rev. Laws 1910, (section 3543, St. Okla. 1890), reads:

"The filing of a mortgage of personal property, in con-- formity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the pre- ceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed * * * * "

The omitted portion of section 4032, *supra,* was only recently added to the same, and therefore cannot be considered in the decision of the case. Section 2755, Rev. Laws 1910. (section 2557, St. Okla. 1890), expressly prohibits the mortgagor from removing the property beyond the limits of the county without the written consent of the holder of the mortgage, and makes such removal a felony.

Sections 4031 and 4032, *supra,* considered in connection with the provisions of section 2755, *supra,* must be understood as contemplating that the property at the time of the filing of a mortgage will be in the county in which it was situated at the time it was executed, and the plain meaning of the language used in section 4031, *supra,* imperatively requires the filing of a mortgage in the county where the property is situated at the time of the filing, while, for obviously good reasons, the same has been and must be construed to also require filing in the county where the property is situated at the time of the execution of the mortgage, and the statute evidently contemplates that the *situs* of the property will be the same at the time of both of these events.

In the case of *La Crosse Boot & Shoe Mfg. Co. v. Mons Anderson et al.,* 9 S. D. 560, 70 N. W. 877 (twice again before that court: 13 S. D. 301, 83 N. W. 331; *Id.,* 14 S. D. 597, 86 N. W. 641), the Supreme Court of South Dakota, under our parent statute in this regard, on April 6, 1897, held:

"The mortgage not having been filed in the county where the property was situated at the time of filing, as required by Comp. Laws 1909, secs. 4379, 4380, the burden was on plaintiff mortgagee to show that the purchaser took with actual notice of the mortgage."

In the case of *Hales v. Zander et al.,* 24 Okla. 246, 103 Pac. 669, 138 Am. St. Rep. 879, following authorities there cited, section 4031, *supra,* is held to require a filing of the mortgage in the county in which the mortgaged property is situated at the time of the execution of the mortgage to constitute constructive notice and in the case of *National Bank of*

*Commerce v. Jones,* 18 Okla. 555, 91 Pac. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041, it is held:

"Where the owner of chattels covered by a valid recorded mortgage removes the chattels without the knowledge or consent of the mortgagee to another county, it is not necessary for the mortgagee, in order to preserve the lien to file the mortgage or a copy thereof for registry in the county to which the property is removed;"

—but we are unable to find any case in which it has been held that the mortgaged property may be removed from the county of its proper *situs* to another county with the knowledge and consent of the mortgagee without destroying the effect of the filing of the mortgage in the first county, and, of course, no case has been found holding that filing could be made with the effect in the first county after such removal.

It is unthinkable that a mortgagee in a case like this could be required to do less under these statutes than properly file his mortgage while the property remains in the county in which it is situated at the time of the execution of the mortgage to give such filing effect as constructive notice, and certainly he could not permit the property to be removed to another county, where he did not file his mortgage, and afterwards file in the original county with effect as constructive notice.

In the instant case plaintiff did not file his mortgage in the original county with diligence in respect to time; but, if we may understand the "few days" within which the property was removed from Lincoln county to Okfuskee county to mean less than a week, in deference to the usual measure of time by "days," "weeks," "months," etc., it was evidently at least two weeks after the removal of the property, with the consent and in accord with the anticipation of plaintiff when he took the mortgage, before he filed the same.

So long as the holder of a mortgage does not consent to its removal, the county of the *situs* of the property at the time of the execution of the mortgage remains the county of its proper and, at least, constructive, if not actual, *situs,* and, al-

though the property may be wrongfully removed after the execution and before the filing of a mortgage, the mortgagee or holder undoubtedly may, by the exercise of reasonable diligence in time of filing, give constructive notice by filing only in the original county; but when he consents to the removal of the property, and the same is removed, a subsequent filing in the original county cannot be held sufficient without doing violence to the language of section 4031, *supra*.

We deem it unnecessary to discuss any other question in this case, and, the decision and judgment of the trial court having been in favor of plaintiff upon the theory that the filing of the mortgage in Lincoln county was constructive notice to defendant, the case should be reversed, and a new trial granted.

By the Court: It is so ordered.